**SCHICK, Estate of, In re.**

Probate Court, Franklin County.

No. 130539. Decided October 24, 1949.

## 140

Helen A. Witherspoon, Columbus, for Executor of Estate.

## OPINION

By McCLELLAND, PJ.

This matter comes before the Court upon the application filed January 20, 1949, by Helen A. Witherspoon, one of the executors and attorney for the Estate of Alta L. Schick, deceased, for a redetermination of the inheritance tax and for a refund of same. The application states through a clerical error on the part of the Court the inheritance tax was improperly computed, and also states that additional debts against the estate have been proven since the determination of the inheritance tax. This application was therefore filed apparently under the provisions of §5339 GC, which applies only in case that additional debts have been proven against the estate. It does not provide for a consideration of the inheritance tax due to a mistake.

At the hearing of this matter the court's attention was directed exclusively to the mistake in determining the inheritance tax. No testimony whatever was adduced in support of the allegation that additional debts had been proven against the estate. Therefore, inasmuch as there was a failure of proof the Court is compelled to deny the relief sought for that reason.

We have carefully examined the provisions of §5339 GC, and find that this section gives relief only in cases where additional debts have been proven against an estate after the determination of the inheritance tax. That section therefore cannot be invoked to give the entire relief which is requested in the petition. The relief under that section must be confined to the circumstances where additional debts have been proven.

At the hearing of this matter no formal testimony was taken but the information which was given to the court was largely in the statement and discussion of counsel. At that hearing it was stated by the attorney for the fiduciary that additional debts had been proven and had been shown in the schedule of debts and no objection was made to the same by counsel

for the Tax Commission. The Court therefore takes the position that those debts were allowed and therefore orders that those additional debts shall be added to the deductions heretofore allowed in the computation of the tax, and that the tax upon that basis should be recomputed.

The Court therefore finds that the excess tax should be refunded to the fiduciary of this estate.

The Court of its own motion will give further consideration to the facts in this case. The applicant is quite diligent in attempting to place the blame for the mistake upon the Probate Court. Upon an examination of the original application we find that the incorrect statement was given therein, and a deputy of this Court was misled by that information. The Court wishes to be fair in placing the blame for this mistake, and, in the greatest degree of generosity will hold that the mistake was a mutual mistake. The question then comes to the mind of the Court as to whether or not it has the right to correct a mistake. The Court calls attention to the provisions of §5340 GC which read as follows:

"The probate court of any county of the state having jurisdiction to grant letters testamentary or of administration upon the estate of a decedent, on the succession to whose property a tax is levied by this subdivision of this chapter, or to appoint a trustee of such estate, or any part thereof, or to give ancillary letters thereon, shall have jurisdiction to hear and determine the questions arising under the provisions of this subdivision of this chapter, and to do any act in relation thereto authorized by law to be done by a probate court in other matters or proceedings coming within its jurisdiction: * * *

We also refer to the last paragraph of the Jurisdiction Statute being §10501-53 GC, which last paragraph reads as follows:

"The probate court shall have plenary power at law and in equity fully to dispose of any matter properly before the Court, unless the power is expressly otherwise limited or denied by statute."

This Court has the power to assess and collect inheritance taxes. It possesses the same power as the Common Pleas Courts to correct any errors in its proceedings or records thereof.

It is to be noted also that the original assessment to which objection is directed by this Motion was not a judicial act on the part of the Court and therefore the Court is not bound by the limitation of its terms of court in correcting or setting aside a judgment. The Court of Appeals in the First Appel-

late District of Ohio, in the estate of Loren G. Gatch, deceased, in an opinion rendered May 2, 1949, holds that the original determination of the inheritance tax upon an application filed by the executor or administrator is not a judicial act. We copy the following language from the body of that decision herein referred to:

"We cannot agree with counsel for the Tax Commission on their interpretation of these sections of the General Code. Sec. 5339 GC applies to an entirely different situation from that to which §5346 GC applies. This latter section is the method prescribed for invoking the judicial power of the Probate Court for the first time in the determination of the tax. Up to that point, all action is or may be administrative and not judicial, Or, at least, until the fixing of the time for the hearing upon the interested parties, there is no statutory requirement that the proceeding should take on a characteristic of an adversary proceeding complying with due process of law, so that any order made at the hearing would be binding upon all the parties unless set aside on appeal or otherwise. The findings and orders theretofore made under authority of §§5345 and 5345-4 GC, are pro forma—made as of course on the report of the auditor—and notice thereof given to interested persons after and not before, without opportunity for a hearing." * * *

We are therefore confronted not with a judgment or decree, but with an assessment made by the Court in its administrative and not in its judicial capacity.

It is apparent upon the face of the record that a mistake was made by the applicant in setting forth the interest and amounts which were subject to the inheritance tax. The deputy in this Court was misled by that information. This court certainly has the power to correct a mistake, and it also is the duty of the Court to correct an injustice. There is no reason why the State of Ohio, or any political subdivision in which the decedent lives, should profit by a mistake and cause the estate to suffer by reason thereof. This court, therefore, in exercising not only its delegated power, but also in the exercise of its equity power as delegated by §10501-53 GC does hereby set aside the original determination of the inheritance tax, and directs that the Treasurer shall refund the same to the estate if the same has not been distributed. If the same has been distributed, then the political subdivision and State of Ohio shall respectfully refund the excess of the tax so paid, and the tax shall be redetermined as shown by the facts.