## WAMPLER, Estate of, In re.

Ohio Appeals, Second District, Montgomery County.

No. 2119.   Decided December 29, 1950.

594

Herbert S. Duffy, Atty. Genl., Robert E. Younger, Asst. Atty. Genl., Columbus, for the Department of Taxation in Ohio, appellant.

Charles J. Brennan, Dayton, for Executor, The Winters National Bank & Trust Co., appellee.

## OPINION

By WISEMAN, J:

This is an appeal on law from the order of the Probate Court of Montgomery County vacating and modifying its former order determining the inheritance tax, and ordering a refund.

The facts were stipulated. The executor of the estate of Homer H. Wampler, deceased, filed an inventory and appraisement showing that the decedent owned the entire interest in a piece of real estate appraised at $21,500. This real estate was similarly listed in the application to determine the inheritance tax. The court assessed the tax on the basis that decedent owned the entire interest. In truth and in fact the decedent owned only the undivided one-half interest in said real estate. The court made its original determination on March 27, 1950. No exceptions were filed, but waiver of right to file exceptions was filed by Nell F. Wampler, sole beneficiary and distributee under the will of the decedent and by the Department of Taxation. The tax was paid to the Treasurer of Montgomery County on April 6, 1950.

On April 29, 1950, the executor filed a motion to vacate and modify the order determining the inheritance tax because of the error made in listing the entire interest in said real estate, rather than an undivided one-half interest. A hear-

ing was had on the motion on June 7, 1950. The Department of Taxation was duly notified of said hearing and was represented by counsel.

The court sustained the motion, finding that the tax was paid on April 6, 1950 but had not been distributed; that the court had jurisdiction to vacate and modify its former order as equity and justice required; that the inheritance tax was paid under a mistake of fact; that the excess of tax paid amounted to $204.25. Thereupon the court vacated, set aside and modified the former order as to said excess payment and ordered the Treasurer of Montgomery County to pay said amount to the executor. The order was journalized on June 8, 1950. From this order the appeal was taken by the Department of Taxation.

Two errors are assigned by the Department of Taxation as follows:

(1) The Probate Court erred in modifying its determination of inheritance tax made on March 27, 1950.

(2) The Probate Court erred in ordering a refund of the inheritance tax to be paid to the executor in the sum of Two Hundred Four Dollars twenty-five cents ($204.25), or in any sum whatsoever.

Two questions are presented, which may be stated as follows: (1) Does the Probate Court have the power during term to modify its order determining the inheritance tax on the ground of a mistake of fact when the tax has been paid and no exceptions have been filed to the determination of such tax? (2) Does the Probate Court have the power to order a refund of inheritance tax paid under a mistake of fact where the tax so paid has not been distributed? The Department of Taxation contends the Probate Court was without jurisdiction to grant the motion for modification. This contention is based on the premise that the Probate Court acts administratively and not judicially in determining the in-inheritance tax; that the order determining the tax is an administrative order and not a judgment. The point is made that the power of the Probate Court to modify its judgments during term is not presented. The appellant concludes that the administrative procedure set forth in the statute for the correction of said order must be followed, and that since §5339 GC, does not provide for the correction of the order under the facts stated, the court is without authority to modify the order.

In support of its contention the Department of Taxation cites the case of In Re Estate of Gatch, 56 Abs 556, decided by the Court of Appeals of Hamilton County in 1949, which

held that up until the time notice is served on interested parties for hearing on exceptions, the proceeding to determine the inheritance tax is administrative and not judicial on the ground the proceeding is not adversary. We do not conceive this to be the proper test. Under this test, if applied, many proceedings in the Probate Court which have always been regarded as judicial proceedings would be considered as administrative. Because of the peculiar character of the work handled in the Probate Court many of the proceedings are ex parte, rather than adversary, but they, nevertheless, require the exercise of the judicial function of the court. The original determination of the inheritance tax is such a proceeding. A search of the case law reveals that In Re Estate of Gatch is the only case which definitely holds the action of the court to be administrative. That case was reviewed by the Supreme Court, which is reported in **153 Oh St 401,** 92 N. E. (2d) 404. No statement is made by the Supreme Court that the action was administrative, but appellant points to the statement of the court on page 406 to the effect that the Court of Appeals properly decided the questions of procedure. In that case an application for a refund was filed under the express provisions of §5339 GC, on the ground that a deduction for Federal Estate Tax had not been taken. The tax was re-determined and a refund was ordered. The decision of the Court of Appeals on questions of procedure in that case was correct.

In 1943, in the case of **In Re Estate of Shafer, 74 Oh Ap 33,** 56 N. E. (2d) 926, where an application for a re-determination and refund was filed ten years after the order was made determining the tax, the same Court of Appeals held:

"The jurisdiction of the Probate Court to redetermine its finding or modify its order or instruct its fiduciary is not limited by the power conferred by §5339 GC, but includes the broad powers conferred by §10501-53 GC. * * *

By §10501-17 GC, the jurisdiction of the Probate Court to modify or vacate its orders or judgments is limited by the same rules that govern the Courts of Common Pleas, and by §10501-18 GC, the year is divided into three terms of four months each, for the purpose of modifying or vacating its orders or judgments."

The court in that case apparently treated the order of determination as a judicial order.

In 1944, in the case of **In Re Estate of Seidensticker, 75 Oh Ap 73,** 60 N. E. (2d) 74, where the Probate Court during term made a second determination correcting the original determination on the ground that a mutual mistake of fact

had been made in estimating the value of certain property, the jurisdictional right of the court to order a re-determination was raised by the Department of Taxation. This Court, speaking through Judge Geiger, on page 80 held:

"The Probate Court is given statutory power to determine inheritance taxes. The claim is made by the appellant that such power in that court is merely administrative and that when the court has determined the amount of the taxes, it has exhausted its power and has no power to reconsider its finding upon exceptions of those interested in the estate. The claim is to the effect that under §5339 GC, certain powers are given to the Probate Court to reconsider its finding to cover matters not theretofore considered by the court, and that the question which the Probate Court determined upon the exceptions was not such as were enumerated in §5339 GC, and that, therefore, the court overstepped its power in modifying its judgment of December 16, or in assuming further jurisdiction. * * *

"It is asserted that prior to the filing of exceptions, the acts of the county auditor and the Probate Court are distinctively administrative and the auditor and court, having performed such acts, have exhausted their power unless provisions may be found for the modification or correction other than by exception."

And on page 81 the Court said:

"It is asserted that, the Probate Court having certain express powers, it must be assumed that such court in its administrative capacity has such powers only and such incidental powers as are necessary to permit it to carry out its express powers; that the entry of December 16, 1943, could be corrected only under express statutory authority which is claimed to be lacking; that, therefore, the entry of December 28, 1943, and the exceptions thereto, must be regarded as surplusage and unauthorized; and that the entry of December 16, which holds that the gifts are subject to taxation, is still in force.

"The appellees assert that under §10501-17 GC, the Probate Court has the same power as the Common Pleas Court, to vacate or modify its orders or judgments and for that purpose three terms of the Probate Court of four months each are provided. It is asserted by appellees that according to the plain provisions of the above statute the order of the Probate Court, vacating the order of December 16, being within the September term, brings the case squarely within the rule that a court has entire control over its own orders during term.

"As we look at it, the determination of inheritance tax is initially confided in the Probate Court and any procedure taken before that court affecting such tax, calls not alone for administrative action of the court, but judicial action as well. The court has the same power in reference to the orders made in connection with inheritance tax that it has in reference to any other matter rightfully lodged in that court. * * *

"We are unable to follow the argument of counsel for appellant on this matter, and overrule assigned errors Nos. 1 and 2."

In 1945, in the case of **In Re Estate of Decker, 76 Oh Ap 39,** 62 N. E. (2d) 711, where a supplemental application was filed by the Department of Taxation, to redetermine the inheritance tax and where it was contended that the Probate Court has no power to redetermine the inheritance tax except where expressly granted by statute, this Court, in an opinion by Judge Hornbeck, on page 44, held:

"We are committed by **Abicht, Exr., v. O'Donnell, 52 Oh Ap, 513,** 3 N. E. (2d), 993, to the proposition that the Probate Court has inherent equity jurisdiction to set aside its orders or judgments even after term upon proper showing. The language of §5340 GC, vesting the Probate Court with power under the Inheritance Tax Act is broad. It provides that the court 'shall have jurisdiction to hear and determine the questions arising under the provisions of this subdivision of this chapter, and to do any act in relation thereto authorized by law to be done by a Probate Court in other matters or proceedings coming within its jurisdiction.'"

And on page 49 the Court said:

"Although the Probate Court has no general jurisdiction, we believe that, because of the broad powers delegated to it in inheritance tax determination, it has jurisdiction in this special proceeding tantamount to that vested in the Common Pleas Court generally."

The rationale of that opinion is that the action of the court in determining the tax is judicial and not administrative in character.

In the case of **In Re Estate of Schick, 57 Abs. 139,** in 1949 Judge McClelland, Probate Judge of Franklin County, had under consideration an application filed after term for redetermination of the inheritance tax on the ground that through a mistake full deduction had not been taken for debts proven and listed in the schedule of debts. The court cited §5340 GC, and §10501-53 GC, conferring broad powers on the Probate Court and concluded that the Probate Court

possesses the same powers as a Common Pleas Court to correct any errors in its proceedings or records. The court cited with approval the case of In Re Estate of Gatch, supra, holding that the action of the court was administrative in character, and reasoned that under this principle of law the Probate Court was not bound by the limitation of its terms of court in correcting or setting aside a judgment. The court held that under §10501-53 GC, it had the power to set aside the original determination and order a refund.

The author of this opinion in 1943, while serving as Probate Judge of Montgomery County, in the case of **In Re Estate of Vanderlip, 39 Abs 314, 51 N. E. (2d) Ohio Supp. 123,** had presented an application filed after term to modify the former order determining the inheritance tax. In that case the inventory and appraisement and the application to determine the inheritance tax listed as part of the assets of decedent's estate a running stock account in a loan company which in truth and in fact did not exist. The court found that the determination was made and the tax paid on the stock account under a mistake of fact. The court held that under §10501-17 GC, the Probate Court has the same powers as a Common Pleas Court to vacate or modify its orders or judgments after term. The court held that no remedy was afforded under §11631 GC, but that the authority of the Probate Court was not limited to statutory grounds and that the Probate Court may vacate or modify its orders and judgments on equitable grounds in the same manner as the Court of Common Pleas. The court further held that under §10501-53 GC, it had plenary power in law and in equity to dispose of the matter presented on application. In that case the court ordered a re-determination of the tax and ordered the over-payment to be refunded. The question as to whether the order was a judicial or an administrative act was not raised. The decision was based on the assumption that the order was judicial in character.

That the action of the Probate Court in making an order determining the inheritance tax requires the exercise of judicial powers of the court may be drawn from the applicable statutes. **Sec. 5340 GC,** confers jurisdiction upon the Probate Court to hear and determine inheritance tax matters and "to do any act in relation thereto authorized by law to be done by Probate Court in other matters or proceedings coming within its jurisdiction." Under §5345 GC, the Probate Court determines the tax "from the report of appraisal **and other evidence** relating to any such estate." (Emphasis ours.) Under §5346 GC, exceptions may be filed to such de-

termination within sixty days from "the entry of the order." **Sec. 5348-10 GC,** provides for allowance of fees to be taxed for such services, and §5348-10a GC, provides for additional compensation to be paid the Probate Judge for this additional judicial burden. **Sec. 5348-3 GC,** prescribes the procedure for the collection of unpaid inheritance taxes. This section provides for filing a transcript of the proceeding in the Probate Court in the office of the Clerk of the Common Pleas Court of the county "and the same proceedings shall be had with respect thereto as are provided by §11659 GC, with respect to transcripts of judgments rendered by justices of the peace and mayors, etc. * * * Thereupon the same effect shall be given to such transcript for all purposes as is given to such transcripts of judgments of justices of the peace and mayors filed in like manner." Former §11659 GC, is now §11656-2 GC. This section in part provides: "**Judgments of Probate Courts,** municipal courts, justices of the peace and other courts inferior to the Court of Common Pleas, may be made liens upon lands and tenements of a **judgment debtor** within any county of this state in the manner provided in §11656 GC, and not otherwise. **The certificate of such judgment** shall be made by the clerk of any such court or justice of the peace, as the case may be, etc. * * * When any **certificate of a judgment of any such court** made by the clerk of such court or justice of the peace, as the case may be, shall be filed in the office of the clerk of the court of common pleas of any county, and docketed and indexed therein, execution may be issued out of such court of common pleas **upon such judgment** and such further proceedings to enforce **said judgment** may be had, as if the same had been rendered in such court of common pleas."

Thus, we find that the legislature has by its enactments considered the order of the Probate Court determining inheritance tax a judicial order with the attributes of a judgment.

There is a well-defined distinction between a judgment and an order. **Sec. 11582 GC,** recognizes this distinction and provides:

"A judgment is the final determination of the rights of the parties in action. A direction of a court or judge, made or entered in writing and not included in a judgment, is an order."

It would be technically incorrect to consider the order of the Probate Court determining inheritance tax a judgment. It is an order within the meaning of that term as defined in §11582 GC. It is a judicial order and not an administrative

order which carries with it certain attributes of a judgment. Vol. 23 O. Jur., page 709, Section 321.

The Common Pleas Court may, in the exercise of a sound discretion, vacate or modify its orders during term, and under §10501-17 GC, the Probate Court is given the same power as a Common Pleas Court to vacate or modify its orders. The Probate Court had the power to vacate and modify its order during term in the exercise of a sound discretion.

We come now to consider the second question presented on which there is not much case law in Ohio. Does the Court have the power to order a refund? Under §5348-9 GC, the county treasurer makes settlement semi-annually for inheritance taxes collected. These settlements are made during the months of February and August. In the instant case the tax was paid to the treasurer on April 6, 1950. Before the time for the August settlement arrived the motion for re-determination was filed, a hearing was had thereon, and the order of the court ordering the modification and a refund was filed. The tax sought to be refunded to the estate had not yet been distributed to the respective subdivisions as provided by law.

It is the contention of the Department of Taxation that the court has no power to order a refund inasmuch as no such power has been given by statute. It is contended that while the statute provides for a refund where debts are proven (§5339 GC) or where the tax is paid under a temporary order (§5343 GC) there is no provision for a refund where the tax is paid under a mistake of fact. Appellant cites a number of New York cases which hold that unless there is a statute authorizing it there can be no refund. People, ex rel. Bankers Trust Co. v. Graves, 274 N. Y. S. 260, affirmed by the Appellate Division and reported in 281 N. Y. S. 312, and affirmed by the Court of Appeals and reported in 270 N. Y. 316; In re Dryer's Estate, 12 N. Y. S. (2d) 814; In re Estate of Ford, 96 N. Y. S. (2d) 177. In the first case cited the executor brought a mandamus action against the State Tax Commission to compel a refund on the ground that the assessment was held to be illegal by ruling of the Supreme Court of the United States. The assessment of the tax was concededly an error of law and not of fact. In the two other New York cases cited the Surrogate Court held that it had authority to modify the order, but no authority to order a refund against the state. We do not have that precise question before us. Moreover, while it is true the inheritance tax law of Ohio is copied largely from the New York law, the

courts of Ohio are not obliged to follow the New York case law in its construction. **Tax Commission v. Parker, 117 Oh St 215, 221, 158 N. E. 89; Vol. 38 O. Jur. page 1247, Section 430.** Appellant also cites the case of Exrs. of **Long v. State, 21 Oh Ap 412,** 153 N. E. 225, decided by the Court of Appeals of Hamilton County in 1926 where exempt property was taxed and the taxes paid. An application for refund was filed after term. The sole question was whether the Probate Court had jurisdiction to determine the matter. The court, on page 415, held that the Probate Court had jurisdiction of the subject matter, but that a refund hinged on the determination as to whether the order determining the tax was void. The court held it was not void and that the tax was paid voluntarily. In that case the court concluded that inheritance taxes paid voluntarily cannot be recovered. It will be observed that this case was decided before the enactment of the Probate Code and before the effective date of §§10501-17, 10501-18 and 10501-53 GC. In the case of In re Estate of Vanderlip, supra, the court discusses the case of Long v. State and concludes that the tax was there paid under a mistake of law rather than under a mistake of fact. The court in the Vanderlip case states: "It is a matter of elementary law that relief from the consequences of a mistake of law can be given only through an appeal (formerly error or appeal). Furthermore, that case arose before the Probate Code was enacted which confers equity powers on the Probate Court and, therefore, the court was confined to the statutory remedy." The other Ohio cases cited in support of the principle of law that taxes paid voluntarily cannot be recovered relate to the payment of general taxes.

We recognize that the case law of Ohio has established the general rule that taxes paid voluntarily cannot be recovered. In our opinion this rule has no application here as this case does not fall in that category. As we see it the order of the Probate Court determining the tax was a judicial order and attached thereto were certain attributes of a judgment. The executor and the beneficiary were legally bound to abide by the order. The executor had a right to and did invoke the jurisdiction of the court to vacate the order on equitable grounds. In our opinion this remedy was available under the facts in this case.

The inheritance taxes sought to be recovered in the instant case were paid under a mistake of fact. Payment of taxes under a mistake of fact (as distinguished from a mistake of law) has been held not to be voluntary. See Vol. 64 A. L. R. page 35. Numerous cases are cited, including cases from

the State of New York. In the case of In re Edison Electric Illuminating Co., 22 App. Div. 371, 48 N. Y. Supp. 99 (affirmed in 155 N. Y. 699, 50 N. E. 1116) it was held that payment of illegal taxes demanded under apparent legal authority could not be said to be voluntary where the payer did not know that the illegal tax was included in the assessment. Payment made to escape penalties would be deemed involuntary, even though paid before default day. See Vol. 64 A. L. R. page 42. Also payment of taxes under judicial order is held to be paid involuntarily. See Vol. 64 A. L. R. page 67. In Vol. 51 Am. Jur. page 1023, Section 1191, it is stated that recovery on the ground of mistake is predicated on a different basis from a recovery on the ground that payment was involuntary.

Nevertheless the courts have distinguished between payment made under mistake of law and payment under mistake of fact in determining whether the payment was voluntary. The authority concludes: "A payment of taxes under a mistake of fact (as distinguished from a mistake of law) has been held not to be voluntary, and is therefore recoverable." In Vol. 165 A. L. R. page 879 is found this note by the author: "In the absence of a statutory remedy, an action at law will lie to recover taxes paid where the assessment is wholly void. Such action is equitable in its function." On page 888 the author states: "In the following cases courts permitted the taxpayer to recover on the ground of mistake, where the mistake was mutual and the assessment was declared void, even though such mistake arose from the want of care on the taxpayer's part." Numerous cases from New York are cited to support the rule. While there is diverse authority on this question, due largely to variations in statutory provisions, the weight of authority and the better rule seems to be that a recovery may be had where taxes are paid under a mistake of fact upon a void or illegal assessment or order. See North Miami v. Seaway Corporation, 151 Fla. 301, 9 So. (2d) 705. In **Woolley v. Staley, 39 Oh St 354,** the syllabus holds:

"Money paid under a mistake of facts, and without consideration, may, as a general rule, be recovered back.

"Where a tax-payer, under a belief, justified by the circumstances, that there is a legal charge against his property upon the tax duplicate in the hands of the treasurer, pays the amount thereof to such treasurer, when, in fact, no such charge appeared on the duplicate, and the payer was under no legal or moral obligation to pay the same, he may recover it back as a payment made under mistake of fact."

In Newport and S. C. Bridge Co. v. Hamilton County, 8 O. Dec. Rep. 564, 9 Bull. 16, it was held that:

"It is well settled that where a party makes a voluntary payment, no process of the law can be had to recover it back, **unless the payment was made through a mistake of fact.**" (Emphasis ours.)

In the following Ohio cases a refund was ordered for over-payment of inheritance taxes: **State v. Mong, 130 Oh St 483,** 200 N. E. 516 (1936); In re Estate of Vanderlip, supra; In re Estate of Schick, supra. In the two latter cases orders were vacated after term and a refund ordered. If such orders may be vacated after term a fortiori it may be done within term. In the case of State v. Mong a mandamus action was brought against the auditor to require him to issue a warrant upon the county treasurer to refund overpaid inheritance taxes. The opinion does not indicate on what ground the refund was ordered. On page 484 the court said:

"The tax is computed on the net balance and often after payment further deductions come to light which may be cared for by refund."

This statement indicates that the action may have been based on the provision of §5339 GC, which provides for refund under certain circumstances. While this opinion may not be good authority supporting a refund order under the facts in the instant case, nevertheless, the court on page 484 did use language which bears notice:

"The intent of the inheritance tax law is that inheritance taxes shall be paid promptly with right of refund of such an amount thereof as may later lawfully appear to be overpaid."

In that case it was contended that an order of refunder would be in violation of **Article XII, Section 9, Article I, Sections 1** and **19,** of the **Ohio Constitution,** and the Fourteenth Amendment to the Federal Constitution. The court said:

"Nothing in the sections of the General Code referred to is in violation of these constitutional provisions as claimed. **There is no vested right to inheritance taxes which have been paid and distributed to the state or a subdivision thereof, such as prevents a refund of payments in excess of those warranted by law.**" (Emphasis ours.)

No contention was made in the Mong case, nor in the Vanderlip or Schick cases, as the appellant here contends, that a refund order would be in violation of **Article II, Section 22,** of the **Ohio Constitution,** which provides:

"No money shall be drawn from the treasury, except in pursuance of a specific appropriation, made by law; and no

appropriation shall be made for a longer period than two years."

In our opinion this constitutional provision has no application. In the instant case the county treasurer had not distributed the tax. The constitutional provision that no money shall be drawn from the state treasury except in pursuance of a specific appropriation has no application to moneys in the hands of the county treasurer. In the New York cases cited the tax money was in possession of the state. The New York constitutional provision is much broader than the Ohio constitutional provision. It has never been contended that a refund ordered under the provisions of §5339 GC, is in violation of **Article II, Section 22,** but such refunders are not made in pursuance of specific appropriations.

In the Vanderlip and Schick cases refunders were ordered after term and after distribution. The constitutional question presented here was not raised in those cases. Until distribution is made by the county treasurer, inheritance taxes in possession of the county treasurer are held and considered as "undivided" inheritance taxes. See §§5348-10, and 5348-10a GC. Before distribution the inheritance taxes held by the county treasurer are not earmarked. We are not here required to determine whether a refunder may be ordered after distribution to the state and other political subdivisions, as was ordered in the Vanderlip and Schick cases.

Under §5332 GC, inheritance taxes are levied "upon the succession to any property passing, in trust or otherwise, to or for the use of a person, etc." In the instant case inheritances taxes under the original order were assessed against property which did not pass by succession. The language of the Supreme Court in Mong v. State that there is no vested right to inheritance taxes paid and distributed to the state or a subdivision such as prevents a refund of payments in excess of those warranted by law, applies with much force to the situation presented here.

We are inclined to the view that the original order assessing inheritance taxes with respect to the undivided one-half interest of said property which did not pass by succession was void since the court was without jurisdiction to assess a tax on property other than that passing by succession. Several cases in New York also support this view. See In re Estate of Ford, supra, in which the following New York cases are cited in support of this proposition: Matter of Coogan, 27 Misc. 563, 59 N. Y. S. 111, 112, affirmed without opinion in People ex rel. Coogan v. Morgan, 45 App. Div. 628, 61 N. Y. S. 1144,

and again affirmed in Coogan v. Morgan, 162 N. Y. 613, 57 N. E. 1107; National Bank of Chemung v. City of Elmira, 53 N. Y. 49; Matter of N. Y. Catholic Protectory, 77 N. Y. 342; Williams v. Board of Supervisors, 78 N. Y. 761; In Matter of Morgan's Estate, 215 N. Y. 703, 109 N. E. 1084, 1085.

Finding no error in the record prejudicial to the appellant the judgment is affirmed.

MILLER, PJ, and HORNBECK, J, concur.