Herbert, J.
The Tax Commissioner states the issue to be, “does the Probate Court have authority to order a refund of inheritance taxes paid under a mistake of fact which taxes have *42 been paid into the State Treasury to the credit of the General Revenue Fund?”
Before considering this issue, we note Section 5731.38, Revised Code, which provides:
“The Tax Commissioner, or any person dissatisfied with the appraisal and determination of taxes, may file exceptions in writing with the Probate Court within 60 days from the entry of the order, stating the grounds upon which such exceptions are taken. The court shall by order fix a time, not less than ten days thereafter, for the hearing of such exceptions, and shall give such notice thereof as it deems necessary; provided that a copy of such notice and of such exceptions shall be forthwith mailed to the commissioner and the county auditor. Upon the hearing of such exceptions, said court may make a just and proper order. No costs shall be allowed by the court on such exceptions.”
Here, the executor learned by entry of the Probate Court, dated May 5, 1959, that the court recognized the $10,000 bequest to him to be in trust for decedent’s children rather than “to be his absolutely” as stated in item 3 of the will. Had the executor here invoked the provisions of this foregoing section within 60 days after April 22, 1959, it is difficult to conceive that the court, with its finding under date of May 5, 1959, supra, spread on its own journal, regarding this item, would have failed “to make a just and proper order” accordingly. This question of filing exceptions, although it is in appellant’s brief here, was apparently, however, not raised by either side or considered by the court, as shown by its finding and order of February 10,1960, in response to the application for redetermination and refund of inheritance taxes filed August 20, 1959. Even if it had been considered below, the issues raised here would still require determination, however, so we proceed to consider them.
Under the authority of Sections 7 and 9, Article XII of the Ohio Constitution, Sections 5731.01 to 5731.56, inclusive, of the Revised Code, were enacted.
Section 5731.51 provides:
“The county treasurer shall keep an account showing the amount of all taxes and interest received by him under Sections 5731.01 to 5731.56, inclusive, of the Revised Code. On the twenty- *43 fifth day of February and the twentieth day of August of each year he shall settle with the county auditor for all such taxes and interest so received at the time of making such settlement, not included in any preceding settlement, showing for what estate, by whom, and when paid. At each such settlement the auditor shall allow to the treasurer and himself, on the money so collected and accounted for by him, their respective fees, at the percentages allowed by law. The correctness thereof, together with a statement of the fees allowed at such settlement, the compensation of the probate judge, and the fees and expenses allowed to the other officers under such sections shall be certified by the auditor.”
Section 5731.52 provides:
“The fees of the sheriff or other officers for services performed under Sections 5731.01 to 5731.56, inclusive, of the Revised Code, and the expenses of the county auditor shall be certified by the probate judge on the order fixing the taxes. The auditor shall pay such fees and expenses out of the state’s share of the undivided inheritance taxes in the county treasury and draw his warrants payable from such taxes, on the county treasurer in favor of the fee funds or officers personally entitled thereto. ’ ’
Section 5731.53 provides:
“Fifty per cent of the gross amount of taxes levied and paid under Sections 5731.01 to 5731.56, inclusive, of the Revised Code, shall be for the use of the municipal corporation or township in which the tax originates, and shall be credited as follows : ( Í # & *
“The remainder of such taxes, after deducting the fees and costs charged against the proceeds thereof under Sections 5731.01 to 5731.56, inclusive, of the Revised Code, shall be for the use of the state, and shall be paid into the State Treasury to the credit of the General Revenue Fund.” (Emphasis added.)
The order of the Probate Court here requiring the county auditor to draw his warrant on the county treasurer for the sum of $345.64, payable to the executor, “said refund to be drawn from the undivided inheritance tax fund and charged to the city *44 of Cleveland,” is fully supported by the decision of this court in State, ex rel. Ellsworth, Exr., v. Mong, County Aud., 130 Ohio St., 483, 200 N. E., 516. In that case a writ of mandamus was sought where a refund of inheritance taxes had been previous-. ly ordered by the Probate Court because of debts proved against the estate subsequent to the original determination and payment of such taxes. Involved, were the provisions of Sections 5339 and 5348-12, General Code (now Sections 5731.20 and 5731.54, Revised Code), respectively.
The latter of these two sections relates to adjustment of refunds chargeable against a municipal corporation or township on or after settlements provided in Section 5731.51, Revised Code, and need not be considered further in this case. It should be noted, however, that this section clearly shows a legislative intent to reach through to general taxes of municipal corporations or townships to reimburse the county treasurer for inheritance tax refunds ordered and paid.
The per curiam opinion in the Mong case, supra, states:
“The intent of the inheritance tax law is that inheritance taxes shall be paid promptly with right of refund of such an amount thereof as may later lawfully appear to be overpaid. The tax is computed on the net balance and often after payment further deductions come to light which may be cared for by refund.
“Under the laws of Ohio one-half of the refund was chargeable to the state of Ohio and the remaining one-half to the village of Hudson. The portion chargeable to the state has actually been refunded. This action relates to the half chargeable to the village, decedent’s place of residence.
“Nothing in the sections of the General Code referred to is in violation of these constitutional provisions as claimed. There is no vested right to inheritance taxes which have been paid and distributed to the state or a subdivision thereof, such as prevents a refund of payments in excess of those warranted by law.”
The last above-quoted sentence expresses what we consider to be a completely equitable principle although it exceeded the requirements of the facts in the Mong case where the state’s portion of the refund had been actually repaid by the county *45 treasurer under a Probate Court order several years after its payment, without contest by the Department of Taxation.
Section 22, Article II of the Ohio Constitution, provides:
“No money shall be drawn from the treasury, except in pursuance of a specific appropriation, made by law; and no appropriation shall be made for a longer period than two years.”
Apparently because of its conclusion that this constitutional provision was applicable and controlling, the Court of Appeals in the Beckman case, even though it found the executrix there entitled to a certain specified amount of refund, held that “the Probate Court was without authority to order the state of Ohio to refund the overpayment of inheritance tax, in the absence of specific appropriation therefor by the Legislature. ’ ’ That case was not appealed to this court. It is of interest to note that part of the claim for refund there was based on erroneous listing of certain assets in the application to determine the inheritance tax. In the opinion of the court, it is stated:
“The Probate Court did have authority to vacate its original determination of the inheritance tax and correct the same, and to determine the amount the estate was overvalued, and the amount of inheritance tax overassessed and the court had authority to order the village of Celina, and Liberty Township, Van Wert County, Ohio, to refund to the executrix the amount of the excessive payment distributed to the above subdivisions.”
Section 5731.19, Revised Code, shows a clear legislative intent to expedite the collection of the inheritance tax, when determined, by providing for a discount of one per cent per month for each full month that payment is made prior to the expiration of one year after accrual and for interest at the rate of eight per cent per year (except where no interest is applicable) thereafter.
We do not find any decision by this court determining the question as to whether the state’s half of inheritance tax moneys is constructively in the treasury of the state within the meaning of Section 22, Article II, from the moment of receipt by the county treasurer, but it seems clear that such moneys do not enter the State Treasury until after distribution at time of settlement. To hold otherwise would make Sections 5731.20, *46 5731.51, 5731.52, 5731.53 and 5731.54 utterly unworkable and certainly impair the legislative purpose of Section 5731.19. Accordingly, we hold as stated in paragraph one of the syllabus.
The power of the Probate Court or, upon review, of an appellate court, to reach not just the actual money paid in as inheritance taxes upon a specific estate while held by the county treasurer but any inheritance tax money so held in order to effectuate a refund order, even where the actual inheritance tax paid on the particular estate involved may have been previously distributed to the State Treasury, presents us with a further problem here.
The Court of Appeals in its entry here held in part:
“Upon consideration whereof, this court finds that there is no vested right in the state to inheritantce taxes which have been paid and await distribution to the state, and that a refund of money found to be due to one who has mistakenly paid more than was due and which has been distributed to the state and paid into its treasury may be payable out of any inheritance tax money owed to the state in the hands of the proper county official.
“It is therefore considered, ordered and adjudged by this court that the judgment from which this appeal is taken should be modified in such a manner as to allow a refund of the entire overpayment, and that the amount of the tax paid into the State Treasury should be refunded out of inheritance tax funds in the hands of the county auditor or county treasurer presently awaiting distribution to the state.” (Emphasis added.)
If this judgment is to be affirmed, the answer must be found in Section 5731.20, Revised Code, and other related sections.
Section 5731.20 provides as follows:
“If any debts are proved against the general estate after the determination of the inheritance tax has been made, an application for modification of such order of determination may be filed. The Tax Commissioner shall have notice of such an application and the hearing thereof. If the Probate Court finds that the tax has not been paid and that the adjudication as made should be amended, it shall so order and shall furnish *47 the commissioner with a copy of the entry of determination as amended. If the tax assessed has been paid, the court shall make an order of refund of the amount paid in excess of what should have been assessed. It shall' further find the successors who are entitled to share in such refund and the particular township or municipal corporation against which such refund is chargeable.
“Exceptions may be filed to such order of refund by the commissioner, or by any interested party, and appeal may be prosecuted as from an original determination of the tax. On receipt by the commissioner of a copy of such refunding order, he may make an order confirming the same and transmit it to the Probate Court, which order and a copy of the order of refund shall be filed by the court with the county auditor who shall draw his warrant for the proper amount of refund, which warrant shall be paid by the county treasurer out of any money in his hands to the credit of inheritance taxes. Similar proceedings for modification and refund may be had in connection with any estate when, after the assessment or payment of tax, a similar tax is assessed and paid in a foreign state or country on any of the successions taxed in this state.
“If after the payment of any such tax in pursuance of an order fixing the same, such order, after due notice to the commissioner and opportunity to be heard, is modified or reversed in a manner provided by law by the Probate Court having jurisdiction or by any court to which the proceeding may have been taken on appeal, the commissioner on notice from the Probate Court having jurisdiction, shall, unless further proceedings on appeal are contemplated, direct a refund of the proper amount to be made in the same manner as provided by this section.
“Where it is shown to the satisfaction of the Probate Court that deductions for debts were erroneously allowed or that assets exist which were not taken into consideration when the tax was determined, such court may enter an order assessing the taxes upon the amount wrongfully or erroneously deducted or upon such omitted assets.” (Emphasis added.)
Note the last paragraph of this section which specifically permits an additional assessment of inheritance taxes when the *48 court is satisfied “that deductions for debts were erroneously-allowed or that assets exist which were not taken into consideration when the tax was determined.”
This is obviously a proper safeguard for the state and its municipalities and townships through the Tax Commissioner without any time limitation, in order to insure collection of any inheritance tax ultimately found to be due.
The first sentence of this section specifically permits the filing of an application for modification of an order if any debts are proved after the original determination of the tax, and the last sentence of the second paragraph specifically permits similar proceedings when a similar tax is paid in a foreign state or country. The procedure for applications for modification is provided. Note that in the second paragraph, the Tax Commissioner may make an order confirming a refunding order. In other words he is not required to contest and appeal every order of refund.
The third paragraph of this section must furnish the answer in this case and warrants requoting:
“7/ after the payment of any such tax in pursuance of an order fixing the same, such order, after due notice to the commissioner and opportunity to be heard, is modified or reversed in a manner provided by law by the Probate Court having jurisdiction or by any court to which the proceeding may have been taken on appeal, the commissioner on notice from the Probate Court having jurisdiction, shall unless further proceedings on appeal are contemplated, direct a refund of the proper amount to be made in the same manner as provided by this section.” (Emphasis added.)
The question which we must determine therefore is whether the original order fixing the tax was “modified or reversed in a manner provided by law.” If so, the commissioner has the mandatory duty upon completion of all appeal proceedings to direct a refund of the proper amount. His discretionary power to judicially test all modification and refund orders is fully protected, however.
Looking at the broad powers and duties of the Probate Court, we find the following:
Paragraph (C) of Section 2101.24, Revised Code, provid *49 ing the jurisdiction of the Probate Court, states, “to direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates.” Further, in that section it is also provided that “the Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute.”
This latter provision is incorporated as paragraph one of the syllabus in the case of In re Estate of Yost (1955), 163 Ohio St., 593, 128 N. E. (2d), 12. See, also, Jacobsen v. Jacobsen, 164 Ohio St., 413, 131 N. E. (2d), 833.
Section 2101.31, Revised Code, provides (except as specified therein) that “all questions of fact shall be determined by the probate judge.”
Section 5731.21, Revised Code, provides:
“The Probate Court of any county having jurisdiction to grant letters testamentary or of administration upon the estate of a decedent * * * shall have jurisdiction to determine questions about the tax levied on the succession to such property by Sections 5731.01 to 5731.56, inclusive, of the Revised Code, and to do any act in relation thereto authorized by law to be done by a Probate Court in other matters or proceedings coming within its jurisdiction * * *.”
Taking the language of Section 5731.20, Revised Code, in its entirety, together with the other sections referred to above, fixing the powers and duties of the Probate Court not only generally but also specifically in inheritance tax matters, the court is of the opinion that to hold that applications to modify a previous order of determination of the inheritance tax may be filed and considered only when (1) subsequent debts of the general estate are claimed or (2) similar taxes have been assessed in a foreign state or country on successions taxed in this state, would limit the overall intent and purpose of the inheritance tax law too narrowly for fair and equitable administration.
Note, for example, the provisions of Sections 5731.28 and 5731.29, Revised Code, relating to taxation of estates dependent upon conditions. The first of these sections provides for temporary orders determining the amount of taxes due, while the *50 succeeding section provides for refunds after final determination. The last sentence of the first section provides that “such refund shall be made in the manner provided by Section 5731.20 of the Revised Code.”
While we find no decision by this court squarely on the point of how narrowly applications for modification and refund are to be limited, we do find that lower courts have allowed and ordered refunds under circumstances additional to the two specified just above.
In the Beckman case, supra, the refund allowed against the village of Celina and Liberty Township was based partly on an acknowledged erroneous listing of assets in the original application and determination.
In the case of In re Estate of Vanderlip (Probate Court of Montgomery County, Wiseman, J., 1943), 39 Ohio Law Abs., 314, a bank account was found to have been erroneously listed as an asset through a mistake of fact. The order of refund in that case was entered after distribution of the state’s portion of the inheritance tax to the State Treasury, but was not appealed from.
In the case of In re Estate of Wampler (Court of Appeals for Montgomery County, Wiseman, J., 1950), 60 Ohio Law Abs., 593, 103 N. E. (2d), 303, an interest in certain real estate was listed, appraised and taxed in its entirety at the time of original determination, no exceptions having been filed but in fact specifically waived both by the sole beneficiary and the Department of. Taxation. On a subsequent motion to vacate and modify the order determining the inheritance tax, the court found there that the inheritance tax had been paid under a mistake of fact and that the true interest of the decedent was an undivided one-half interest in such real estate. The refund was ordered accordingly. In that case, the money paid into the county treasury had not been distributed, so that Section 22, Article II, was considered not applicable by the court. The power and duty of the court were considered, however, and no appeal from that decision was taken to this court.
In the case of In re Estate of Schick (Probate Court of Franklin County, McClelland, J., 1949), 57 Ohio Law Abs., 139, 91 N. E. (2d), 561, which case was not appealed, an application *51 for redetermination of the inheritance tax and refund was filed on the claim that the inheritance tax had been improperly computed and also that additional debts had been proved since the determination of the tax. No testimony was adduced with respect to additional debts, so the relief sought on that point was denied. The relief sought because of the claimed mistake of fact was allowed, however, even though the court stated that it was confronted with an assessment in its administrative capacity and not a judgment in its judicial capacity (which point is not in issue here).
Although we find no other reported cases involving this point, it is apparently well accepted that the court has the equitable power to correct mistakes made in the determination of inheritance taxes, and we conclude that where the court, in doing so, modifies or reverses a previous determination of inheritance tax, it is proceeding in a manner provided by law.
So far as safeguarding the State Treasury in accordance with constitutional provisions, this court has in a number of cases considered the allowance of attorneys’ fees in cases where state funds have been preserved from expenditures, as, for example, in the case of Grandle v. Rhodes, Aud., 169 Ohio St., 77, 157 N. E. (2d), 336, in which case reference is made to a number of others not necessary to review here. Certainly the intent and purpose of these constitutional provisions has been recognized and preserved in those decisions.
The argument advanced on behalf of the Tax Commissioner here that inheritance tax funds in the hands of the county treasurer not “distributed” to the state of Ohio belong to the state because the county treasurer holds the funds as its trustee needs no answer in view of the legislative provisions already set forth above.
See, also, Section 5739.07, Revised Code, and related sections providing for refund to vendors (and consumers) for prepaid sales tax receipts.
Here, an application for modification of the previous determination of tax was made on the basis of a mistake of fa'ct admitted and found to be so by the Probate Court. A majority of this court feel that this finding and order is well within the plenary power of that court.
*52 It is true that a claim may he made through the Sundry Claims Board and ultimately paid by appropriation if allowed by two-thirds of each branch of the General Assembly (Section 29, Article II), but this remedy can hardly be considered an adequate or timely method with respect to the probate of estates. It is likewise true that the Legislature may freely amend Section 5731.20 so as to limit or expand this interpretation of that section.
We, therefore, hold as stated in paragraphs two and three of the syllabus herein.
Accordingly, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias and Bell, JJ., concur.