GATCH, Estate of, In re.

Ohio Appeals, First District, Hamilton County.

No. 7072. Decided May 2, 1949.

. Gatch, Kleinmann, Roberts & Kuhn, Cincinnati, for appellant.

Herbert S. Duffy, Atty. Genl., Columbus, W. H. Annat, Wooster, Robert Levering, Mt. Vernon, for appellees.

**OPINION**

By MATTHEWS, J.:

This is an appeal from an order of the Probate Court re-determining the Ohio Inheritance Tax and ordering a refund.

After the inheritance tax had been determined and paid, the Executor paid to the Collector of Internal Revenue $32,933.67 in settlement of the Federal Estate Tax levied against the estate. This debt had not been claimed or allowed as a deduction in the determination of the Ohio Inheritance Tax. That was the basis of the application by the Executor for a re-determination of the inheritance tax. The Probate Court found against the Executor as to a part of the Federal Estate Tax and the Executor being dissatisfied filed this appeal.

Before considering the merits of this appeal, it is necessary to rule upon the motion of the Tax Commission of Ohio to dismiss the appeal on the ground that the Executor failed to exhaust all his remedies in the Probate Court and also on the ground that the order appealed from is not a final order.

This application for a refunder was filed under favor of §5339 GC, providing that "If any debts shall be proven against the general estate after the determination of inheritance tax has been made, an application for modification of such order of determination may be filed." On such application the Court is authorized by the Section to order a refunder when the inheritance tax has been paid and an unallowed debt has been proven. It is also provided in the section that "Exceptions may be filed to such order of refunder by the tax commission or by any interested party and appeal or error may be prosecuted as from an original determination of tax."

The Executor filed no exceptions to the order of redetermination and that is the basis of the claim that he failed to exhaust his remedies in the Probate Court before appealing to this Court. Counsel, in effect, urge that the last quoted part of §5339 GC, incorporates the sections relating to appeals from orders of original determination of inheritance taxes and cite §5346 GC, by which it is provided that "The Tax Commission of Ohio, or any person dissatisfied with the appraisement and determination of taxes may file exceptions thereto in writing with the probate court within sixty days from the entry of the order." And counsel also cite §5348 GC, providing for an appeal from "the final order of the probate court under §5346 GC in the manner provided by law for appeals from orders of the probate court in other cases."

We cannot agree with counsel for the Tax Commission on their interpretation of these sections of the General Code. Sec. 5339 GC applies to an entirely different situation from that to which §5346 GC applies. This latter Section is the method prescribed for invoking the judicial power of the Probate Court for the first time in the determination of the tax. Up to that point, all action is or may be administrative and not judicial. Or, at least, until the fixing of the time for the hearing upon the written exceptions and the serving of notice upon the interested parties, there is no statutory requirement that the proceeding should take on the characteristics of an adversary proceeding complying with due process of law, so that any order made at the hearing

would be binding upon all the parties unless set aside on appeal or otherwise. The findings and orders theretofore made under authority of §5345 and 5345-4 GC, are pro forma—made as of course on the report of the auditor—and notice thereof given to interested persons after and not before, without opportunity for a hearing.

The application for a re-determination of the tax and for a refunder relates to an issue not involved in any way in the original determination of the tax. It relates to something unknown or undeterminable at that time. The application for the re-determination of the tax presents a new issue and §5339 GC, requires that notice of the hearing thereon be given to the only party that could be adversely affected, that is, to the Tax Commission. The exceptions authorized by the section follow the ruling of the court, and there is no provision for a hearing on such exceptions by the Probate Court. They show only the dissent of the party from the ruling, whereas the exceptions provided for in §5346 GC, invoke the jurisdiction of the court.

As we construe §5339 GC, it does not require exceptions as a predicate to an appeal. It provides that exceptions "may" be taken and it also provides that an appeal "may be taken." It does not condition the appeal upon the prior taking of an exception. We consider that the application for a refunder provided for in §5339 GC, and the exceptions provided for in §5346 GC, as serving the same purpose, that is, of invoking the jurisdiction of the court for a ruling and that when that ruling is made it may be reviewed on appeal in the manner provided by law. That an appeal may be thus taken results from the double reference of §5339 and §5348 GC, to that effect. As noting an exception to a final judgment is unnecessary, its omission does not limit the scope of the review. 2 O. Jur., 240; Frankenstein v. Behrens, 60 Oh Ap, 403.

As there is no specific provision in the Probate Code or elsewhere regulating the mode and manner of taking appeals from the Probate Court to the Court of Appeals, the general statutes (§12223-1, et seq., GC) govern. There is no doubt that the appellant complied with all the requirements of those statutes.

For these reasons, we overrule the motion to dismiss the appeal and turn to a consideration of the record presented.

The Probate Court heard this application for a re-determination of the inheritance tax, as disclosed by the judgment entry, upon an agreed statement of facts duly filed with the papers in the case in accordance with the provisions

of §11571 GC. As the agreed statement is short, we quote all the essential facts:

"The applicant, John N. Gatch, is the duly appointed, qualified and acting Executor of the Estate of Loren G. Gatch, deceased.

"Loren G. Gatch died a resident of Terrace Park, Hamilton County, Ohio, on December 16, 1942. His estate is being administered in the Probate Court of Hamilton County, Ohio, as Estate No. 150,791. In the process of settlement of said estate, an application for determination of Ohio inheritance tax was made, and said tax was determined as $3,106.07, which amount less a credit of 4% for early payment was thereafter paid. The total gross estate for Ohio Inheritance Tax purposes amounts to $143,943.72. The debts (less that portion of the widow's allowance in excess of $3,000.00 not deductible for Ohio Inheritance Tax purposes) amounted to $23,963.43, leaving a net amount of $119,980.29 subject to Ohio Inheritance Tax, excepting however that no deduction for Federal Estate Tax was made at the time of such determination. Thereafter, the Executor filed with the United States Collector of Internal Revenue a Federal Estate tax return, and after adjustment, paid a total Federal Estate Tax amounting to $32,933. Included in the estate reported for Federal Estate Tax was the amount of $67,604.70, proceeds of life insurance.

"The net Federal Estate before exemptions, including said item of life insurance was $203,696.35.

"Item I of the Will of said decedent reads as follows:

"I direct that all my just debts and funeral expenses be first paid out of my estate, and I further direct that all taxes, both State and Federal shall be a charge against the principal of my estate and shall be paid therefrom and shall not be charged against the interest of any distributee."

The Probate Court allowed $22,002.99 as a debt against the estate on account of the Federal Estate Tax payment and disallowed the balance and fixed the amount of the refunder at $712.27 resulting therefrom, and rendered judgment for the Executor for that amount. The Court found that a part of the Federal Estate Tax arose by reason of the inclusion of the proceeds of life insurance payable to a beneficiary other than the insured's estate, and that as the Executor could recover the Federal Estate tax paid on that portion, he could not include it in the computation of the Ohio Inheritance Tax. The Executor claims that the total amount of the

Federal Estate Tax should have been deducted in determining the net estate for the purpose of calculating the Ohio Inheritance tax, and that the amount of the refund should be $1,075.58.

The controversy arose because of the inclusion of the proceeds of life insurance policies as a part of the taxable estate in computing the Federal Estate Tax. Under the Ohio Inheritance Tax Law the proceeds of life insurance policies, payable to a beneficiary other than the estate of the insured, are not included in the insured decedent's estate in calculating the Ohio Inheritance Tax.

In **Tax Commission v. Lamprecht, 107 Oh St, 535,** the court held that in determining the value of the succession of any beneficiary under the Ohio Inheritance Tax Law, the amount of the federal estate tax should be deducted, like other debts and expenses of administration. But so far as the report of that case shows, no proceeds of life insurance policies were included in the calculation of the Federal Estate Tax, and no mention was made of that subject although at that time the proceeds of life insurance policies were subject to the tax to a certain extent, as they are now to a greater extent.

By Section 826(c) of the United States Internal Revenue Code, it is provided:

"Unless the decedent directs otherwise in his will, if any part of the gross estate upon which tax has been paid consists of proceeds of policies of insurance upon the life of the decedent receivable by a beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds of such policies bear to the sum of the net estate and the amount of exemption allowed in computing the net estate determined under Section 935 (c). If there is more than one such beneficiary the executor shall be entitled to recover from such beneficiaries in the same ratio."

By virtue of this provision of the Internal Revenue Code, the scope and meaning of that provision in the testator's will quoted in the agreed statement of facts became important, for it is clear that if upon payment of the Federal Estate Tax there arises in favor of the decedent's estate a cause of action against the beneficiaries of the insurance for the amount of the tax, an entirely different situation is presented from that where no such cause of action arises. The parties do not agree as to the meaning of the testamentary provision.

Now, does the testator's will provide "otherwise" than is provided in Section 826(c) of the Internal Revenue Code? In other words, does the will provide that the general estate shall pay the Federal Estate tax without recourse to the life insurance beneficiaries for the share of the tax attributable to the life insurance fund that was included in the net estate in the calculation of the tax? The Probate Court held that the testamentary provision did not relieve the beneficiaries of the life insurance from the ultimate burden. We agree with this conclusion for the reasons stated by the Probate Court. A reading of the testamentary provision shows that the testator had in mind the estate of which he was disposing and that the provision was in favor of the distributees of that estate only. There is nothing to indicate that he had in mind the proceeds of life insurance policies not a part of the estate, or that he intended to confer an added benefit upon the beneficiary therein named. The case of Priedeman v. Jamison, et al., 202 S. W. (2d) 900, —— Mo. ——, relied upon by the Probate Court supports his conclusion, although the provision in the will is not identical. The provision in the will in that case was:

"Item Six of the testator's will is as follows, 'I direct that all inheritance, succession and estate taxes, both federal and state, which may be assessed against my estate, or against any legatee or devisee in this my Will named, shall be paid by my Executors, so that each legatee or devisee shall receive his or her legacy or devise in full, clear and free of all taxes herein described.' "

At 904, the Court said:

"Now the testator directed the payment of all of the described taxes which might be 'assessed against my estate, or against any legatee or devisee in this my Will named, * * * so that each legatee or devisee' would be exonerated. The testator in naming those whose gifts were to be received 'in full, clear and free of all taxes herein described,' did not name the beneficiary of his life insurance policy. In directing the payment of the described taxes so that the legacy or devise of each legatee or devisee should be received in full, clear and free of all the described taxes, should it be said the testator directed the payment of the taxes so that the proceeds of the insurance should be received by the beneficiary in full, clear and free of the Federal Estate Tax? The language of Item Six is devoid of a reference to insur-

ance. It would seem the testator's direction was limited to the exoneration of legatees and devisees. The proceeds of the insurance policy payable to appellant named as beneficiary were not a part of the testator's estate being administered by his executors in the Probate Court of St. Louis County. Nance v. Hilliard, 8 Cir., 101 F. 2d 957. The proceeds were a part of testator's 'gross estate' for Federal Estate Tax purposes, under a provision of Internal Revenue Code, as amended, 26 U. S. C. A. Int. Rev. Code, Section 811 (g). Appellant as beneficiary in testator's insurance policy and as recipient of the proceeds of the policy, of course, was not a 'legatee or devisee' whom the testator clearly was so exonerating that 'her legacy or devise' should be received 'in full, clear and free of all taxes herein described.' In our opinion the testator did not direct 'otherwise in his will' than that executors-respondents should be entitled to recover from appellant, as provided in Section 826 (c) supra."

In the case at bar, the testator used the term "distributee." It would unduly strain this term to hold that it included "beneficiaries" of an insurance policy, particularly when it was used by a testator in a direction relating to his estate.

The provision in this will is contrasted with that construed by this court in **The Central Trust Company v. Lamb,** **74 Oh Ap,** 299. The question in that case was whether the estate should pay the inheritance tax on an inter vivos trust, the beneficial enjoyment of which took effect upon the death of the settlor. The settlor-testator provided in her will that:

"I further direct my executor or executrix to pay as expenses of administration of my estate all inheritance, succession and estate taxes that may be levied or assessed by **reason of my death.** No such tax shall be charged by my executor or executrix against the bequest or devise of any non-residuary beneficiary of this will, nor shall any such beneficiary be required to pay to my executor or executrix the amount of any such tax before receiving all or any part of his or her bequest or devise, but all such taxes shall be paid out of the residue of my estate."

We held that under this provision the estate was required to pay the inheritance tax upon the inter-vivos trust estate

to the exoneration of the cestui que trust. At pages 309 and 310, it is said:

"Testatrix plainly said that not part, but 'all inheritance, succession and estate taxes that may be levied or assessed by reason of my death' shall be paid by her executor as expenses of administration. She said: 'No such tax shall be charged by my executor against the shares of the principal or income of' not just certain ones, but 'any beneficiary of my estate.' Obviously, she had in mind her taxable estate, the technical words of inheritance, succession, estate taxes were used, and this court is struck with their use as being skillful and by particular design. By reaching out to indulge a technical rather than ordinary construction of the words 'my estate' to upset the plain, all-inclusive language used, would, it seems, defeat rather than ascertain the meaning of the language used, taken in connection with the will as a whole and the surrounding circumstances at the time of the execution of the will. The law presumes that the testatrix knew the succession to the trust corpus was taxable when she made her will, and the words 'my estate' being subject to a latent ambiguity and less clear, will not be construed to change the clear statement of intent that all taxes arising by reason of her death were to be paid by her executor as expenses of administration."

A comparison of the two statutory provisions will make clear the basis for the difference in the conclusions reached.

We conclude, therefore, that when the executor paid the Federal Estate tax there arose in his favor a cause of action against the beneficiary of the life insurance for the amount of such tax attributable to the life insurance fund. So far as this record shows the beneficiary of the life insurance is and was solvent, and that as said amount is collectible, the executor is not entitled to have that amount considered as a debt of the estate in determining the Ohio Inheritance tax. The claim against beneficiary as an asset counterbalances the amount of tax, should it be ordered paid.

Having reached the conclusion that the testator did not provide "otherwise" in his will, the application of the rule prescribed in Section 826(c) of the United States Internal Revenue Code controls in determining the portion of the Federal Estate tax that should be considered a debt of the estate in determining the Ohio inheritance tax. We have examined the opinion of the Probate Judge in this case, in which he discusses the issues carefully, and, we think, ade-

quately. We have verified his calculation and have reached the same conclusion as to the amount of the refund.

For these reasons, the judgment is affirmed.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur in syllabus, opinion & judgment.