KILROY, Estate of, In re.

Probate Court, Cuyahoga County.

No. 561245.   Decided April 19, 1960.

## STIPULATION OF FACTS

DANAHER, General Referee. The decedent, Edward A. Kilroy, died a resident of Cuyahoga County on June 6, 1958. The Cleveland Trust Company was appointed as executor on July 24, 1958. Baker, Hostetler & Patterson has been designated as the attorney of record in the case. The executor filed an Application for Determination of Inheritance Tax with the Probate Court of Cuyahoga County on May 27, 1959, showing total assets of $579,055.37. In Schedule B of the application the executor has claimed deductions totaling $257,740.70. Among said deductions claimed were the following:

| | |
|---|---|
| Court costs—estimated | $   150.00 |
| Fiduciary fee—estimated | $11,700.00 |
| Attorney fee—estimated | $15,000.00 |
| Appraisers fees | $   667.50 |
| Miscellaneous | $   250.00 |
| | |
| Total | $27,767.50 |

Among the expenses so enumerated, the court appointed appraisers fees, a portion of the court costs and a portion of the miscellaneous expenses have been paid from the principal of

the estate. The fees, which have not been paid, will be paid from the principal of the estate.

In its estimate of the federal estate tax deduction, the executor indicated that the costs and fees specifically enumerated above, aggregating $27,767.50, were not included in the computation since such fees and costs will not be claimed as federal estate tax deductions, but will be claimed as income tax deductions. The total federal estate tax estimated and claimed as a deduction was $41,301.55. It is estimated that the estate has received and will receive gross income from June 6, 1958, to January 31, 1960, in the aggregate amount of approximately $30,000.

Exceptions to the Application for Determination of Inheritance Tax were filed by the Department of Taxation on November 17, 1959. Said exceptions were taken for the following reasons:

1. The Court erred in determining that the following are allowable deductions for purposes of computing the successions subject to Ohio inheritance tax in the matter of the estate of Edward A. Kilroy.

| | |
|---|---|
| Court costs | $ 150.00 |
| Appraiser's Fees | $ 667.50 |
| Fiduciary Fee | $11,700.00 |
| Attorney Fee | $15,000.00 |
| Miscellaneous | $ 250.00 |

These items are more particularly included in Schedule B of the application for determination of tax filed by the executor of the estate of Edward A. Kilroy.

2. Other errors apparent on the record which may be prejudicial to the Department of Taxation, the State of Ohio and the political subdivision of the State of Ohio.

Approved
Baker, Hostetler & Patterson
By George L. Ford

Attorneys for the Executor
Approved
Joan E. Zuber

Attorney
Dept. of Taxation

## ISSUES PRESENTED

If the executor pays debts, such as Court costs, fiduciary fees, attorney fees, appraisers fees and miscellaneous administration expenses from the principal of the decedent's estate and takes such debts as deductions for income tax purposes, (a) can it take the same deductions for inheritance tax purposes? (b) if so, what effect would this have upon the amount of the estimated Federal estate tax deduction allowed in determining the inheritance tax?

## CONTENTIONS OF PARTIES

The Tax Commissioner contends (a) that when the executor deducts such expenses in its income tax return said executor is precluded from taking the same as deductions for inheritance tax purposes and also (b) that as such expenses are not taken as deductions in determining the Federal estates tax the full amount of the estimated Federal estates tax should not be permitted as a deduction in determining the inheritance tax.

The executor contends that its election to take such expenses as deductions in its fiduciary income tax return does not mean that such expenses were actually paid out of income but only that the executor elected to invoke a federal statute permitting such deductions because it was advantageous to do so from a federal tax standpoint and that such deductions should be allowed in determining the inheritance tax.

## CONCLUSIONS OF LAW

On the general subject of deductions in determining Ohio inheritance taxes, it must be kept in mind that with a few exceptions such as unpaid general property taxes and special assessments (Section 5731.25, Revised Code), trustees commission (Section 5731.26, Revised Code), and the limitation of $3000.00 as a deduction for a year's allowance, there is no general statutory provision for deductions in determining inheritance tax, but deductions, as they are generally considered, come about by reason of practice, and in certain instances by court decision. In Cassidy and Dargusch at page 63, the following statement is made, "In addition to the deductions already set forth, deductions usually allowed include executor and administrators' commissions, court costs, attorney's fees, funeral expenses and income taxes."

In the *Lambrecht case*, 107 Ohio St., 546, the Court said, "If any debts, expenses, and charges are to be deducted, manifestly there should be no discrimination, and the deductions should include all debts, expenses, and charges of every kind which are payable by the administrator." At page 550 of the same opinion the Court said, "then the conclusion must be reached that the legislature also intended that every kind of debt, charge, expense, and claim of a valid nature against a decedent's estate should be deducted, and the succession tax be computed upon (*upon*) the net balance." (Emphasis supplied.) The *Lambrecht case* allowed a deduction for the Federal estates tax.

*In re Estate of York, deceased*, Court of Appeals, Fourth District, Brown County, No. 251 (October 23, 1958), a creditor of the estate filed a claim in the amount of $7800.00 and following the recovery of a judgment for $6240.00 a compromise settlement was made in the sum of $1500.00 which was paid. The administrator attempted to take $6240.00 as a deduction for Ohio inheritance tax purposes and the Court held that only the $1500.00 should be deducted, it being the amount actually paid, the Court holding that it would be * * * "as unfair to permit the property to pass to heirs without the payment of inheritance taxes as to levy such taxes upon property which such heirs do not receive."

A fiduciary deals with the principal of an estate and also with the income accruing on estate assets during administration. The Ohio inheritance tax is based upon successions as of the date of death and income accruing subsequent to death is not subject to inheritance tax. Although it is not customary to do so, if, in fact, expenses such as those involved herein are actually paid from estate income, it would seem illogical that they should be taken as deductions against the principal of the estate for inheritance tax purposes. If such items are, in fact, paid out of the principal of the estate, they are ordinarily proper deductions in determining inheritance tax. The amount paid as attorney and fiduciary fees is deductible from the corpus of the estate. *In re Estate of Gatch*, 53 Ohio Law Abs., 545, 38 Ohio Opinions, 279, 83 N. E. (2d), 526 (Probate Court, Hamilton County, 1948), affirmed 56 Ohio Law Abs., 556, 43 Ohio Opinions, 143, 92 N. E. 2d 398 (App. Hamilton County, 1949)

affirmed 153 Ohio St., 401, 92 N. E., 24, 404 (1950); 29 Ohio Jurisprudence 2d "Inheritance and Estate Taxes" Section 50 (1958); Anno., 30 A. L. R. (2d), 1108 (1953).

The questions presented herein have been passed upon by two Ohio Probate Courts. *In re Estate of Fleischer* (Probate Court, Clark County, No. 38189, decided June 22, 1959), the Court held that attorney-fiduciary fees taken as a deduction by the fiduciary in his income tax return could not be taken in determining Ohio inheritance taxes, the Court holding "* * * that the executor having chosen to deduct the attorney-fiduciary fees from the income of the estate, as a means of reducing the amount of inheritance tax due, he was not legally justified in taking that same $7520.00 as a deduction a second time as the means of reducing an inheritance tax due the State of Ohio." *In re Estate of Havens* (Probate Court, Lake County, Docket No. 32, Page 66, decided November 24, 1959), it was clear that although the fiduciaries had taken such items of expense as deductions in their income tax return, said expenses were in fact paid from the principal of the estate and the Court held that said expenses were proper deductions in determining the Ohio inheritance tax.

Your Referee is of the opinion that if fees and costs such as those in question are actually paid out of the income accruing to an estate, a deduction of the same should not be permitted in determining the Ohio inheritance tax. If, however, such items are paid out of the principal of the estate, they are proper items of deduction in determining the Ohio inheritance tax despite the fact that they have also been taken as deductions in the fiduciary's income tax return.

We come now to the question of the amount of the Federal estates tax deduction in determining the inheritance tax in a situation such as the one involved herein. The Internal Revenue Code, including 1959 amendments, being Subtitle A, Ch. 1J, Part 1A, Section 642(g) reads as follows:

"DISALLOWANCE OF DOUBLE DEDUCTIONS.— Amounts allowable under Section 2053 or 2054 as a deduction in computing the taxable estate of a decedent shall not be allowed as a deduction in computing the taxable income of the estate, unless there is filed, within the time and in the manner and form prescribed by the Secretary or his delegate, a state-

ment that the amounts have not been allowed as deductions under Section 2053 or 2054, and a waiver of the right to have such amounts allowed at any time as deductions under Section 2053 or 2054. * * *''

In view of the foregoing, a fiduciary, in taking items, such as those in question, as deductions for Federal income tax purposes, would thereby be precluded from taking them as deductions for Federal estates tax purposes, with the result that the Federal estates tax would be greater than it would be if such items were taken as deductions in determining the Federal estates tax. In such event, consideration should then be given to determine the effect, if any, upon the amount of the Federal estates tax deduction allowable in determining the inheritance tax.

Item 1 of the decedent's will provided as follows:

''I direct that all my just debts, funeral and administrative expenses be paid out of my estate as soon as practicable after my decease, and any and all succession, inheritance or estate taxes, state or federal, levied or assessed by reason of my death shall be paid by my Executor out of the part of my residuary estate hereafter given, devised and bequeathed to my sons, without any right or duty on my Executor to seek or obtain contribution or reimbursement from my wife or from any person or property.''

Was it the testator's intention that under this provision the excess amount of the Federal estates tax, arising by reason of the fiduciary's election to take administration expenses as a deduction in said fiduciary's income tax return, should be paid out of the Probate estate with no obligation upon the fiduciary to obtain contribution or reimbursement or to make any adjustment for such payment?

*In the Estate of Gatch,* 153 Ohio St., 401, the Court made the following statement: ''We are called upon here to interpret Item I of decedent's will, which provides:

'I direct that all my just debts and funeral expenses be first paid out of my estate, and I further direct that all taxes, both state and federal shall be a charge against the principal of my estate and shall be paid therefrom and shall not be charged against the interest of any distributee.'

Was it the testator's intention to direct that federal taxes

resulting from the inclusion of the proceeds of life insurance policies not payable to his estate be paid out of the assets of his estate?

It does not appear to us that he so directed. *It seems to us that the testator had in mind the estate of which he was disposing and did not intend to benefit the policy beneficiaries at the expense of those named in his will.* The proceeds of the life insurance policies were not assets of the Ohio estate. Such assets did not come into the executor's hands. For convenience, the Congress directed the executor to collect the taxes on the life insurance proceeds but at the same time gave him a right of action against the life insurance beneficiaries.

The beneficiary of a life insurance policy is not a distributee under a will or of an intestate estate. Citation of cases seems unnecessary." (Emphasis added.)

The following syllabi of the *Gatch* case are of interest:

"Where there is no specific direction in a testator's will that the Federal Estate Tax on such part of the federally computed estate as properly arose from proceeds of policies of insurance on the life of the decedent is to be paid out of the decedent's estate, such portion of the tax due to the inclusion of the proceeds of life insurance is not a debt of the decedent or his estate in computing the net Ohio estate under the Ohio Inheritance Tax Law." (Syl. 1.)

"Under Section 826(c), Title 26, U. S. Code, a liability for that part of the Federal Estate Tax paid due to the proper inclusion of the proceeds of life insurance payable to other than the executor (or surviving spouse) is created against such beneficiary in favor of the executor of decedent's estate." (Syl. 2.)

The rule of the *Gatch* case applies unless the language of the will clearly indicates a contrary intent as set forth in the *Bingham case*, Probate Court of Cuyahoga County No. 399418. In said case the fiduciary was precluded from recovering any portion of the Federal estate tax from the life insurance beneficiaries and the tax clause was clear in showing the testator's intention that the impact of said estate tax should fall upon the residuary beneficiaries.

The decision in the *Gatch case, supra,* indicates an intention to strictly construe tax clauses. A strict construction of the

tax clause was also followed in the *Nevil case*, 367 Pennsylvania State Reports, 30, the syllabus of which is as follows: "Where testator bequeathed his estate in trust to pay $7,000 monthly to a named legatee for life and provided that all his bequests, legacies, and devises were 'to be free from any and all taxes lawfully imposed or to be imposed by the United States Government . . . which taxes are to be paid out of my estate,' it was *Held* that the trustee was not required to pay the legatee's annual income taxes on said income."

In connection with the rights of parties affected by the election of an executor to take administration expenses as deductions for income tax purposes, the following statement, in New York University Fifteenth Annual Institute On Federal Taxation, beginning at page 1023, is pertinent and interesting. "Rights of Heirs Who Are Adversely Affected."

So far at least three decisions have been handed down by courts in as many states concerning beneficiaries whose rights were adversely affected to some extent by a fiduciary's deduction in an income tax return of an administrative expense chargeable against the principal account.

The first decision was in New York in *Estate of Edwin H. Warms*, where the decedent had left two-fifths of his residuary estate outright to two nieces, the balance to be held in trust with the income payable to his widow for life, remainder to others on her death. The will directed that all estate taxes should be charged against and be paid out of the residuary estate. The executors paid certain administrative expenses out of the principal of the residuary estate and deducted them on the estate's fiduciary income tax return rather than on the estate tax return. The Court held that the principal account should be reimbursed out of the income for the increase in estate tax occasioned by the executors' failure to claim the items as estate tax deductions. In addition, it said that if the income tax benefit exceeded the estate tax detriment, the income account was entiled to the excess tax benefit. The Court then observed that the question which would have arisen if the executors had not had any option but had been required to deduct the administrative expenses on the income tax return had not been raised, and, therefore, was not being decided.

A year later the District Court of Appeal for the Second

Appellate District of California decided the Estate of Fred H. Bixby. In that case the facts reveal that the testator had bequeathed certain shares of stock to his widow and had directed that his residuary estate pass to other persons. The will provided that all death taxes were to be charged against the residue.

In one taxable period during the administration of the estate, the executor received taxable income in the amount of $160,602, of which $76,000 represented dividends on the stock left to the widow. In this same period the executor paid administrative expenses amounting to $120,270 and elected to claim them as deductions on the fiduciary income tax return rather than on the estate tax return. He thereby reduced the total of federal and state income taxes from $120,378 to $18,728. But by foregoing the estate tax deduction, the federal estate tax and the California death taxes were increased by $58,932.44, all of which was charged against the residuary assets.

Of the $18,728 total income tax paid by the executor, $8,713.40 was charged to the widow. Had the larger income tax of $120,278 been payable, the Court said that $56,965 of it would have been charged against her dividends. Thus it appears that the executor enriched the widow by $48,252. The persons interested in the income of the residuary estate *also* saved income taxes in the amount of $53,398. Thus the residuary legatees suffered a *net* detriment of *only* $5,534 (i. e., the difference between their income tax saving and the extra death taxes).

After citing the *Warms* decision with unqualified approval, the Court charged the widow's account with $27,887 additional and credited this amount to the principal of the residuary estate. The Court said that it reached this amount by charging her share with the proportion of the additional estate tax which her $76,000 of dividends bore to the gross income reported in the fiduciary income tax return. If the Court had, instead, credited the same percentages of the *overall* net tax saving to the various parties, the amount charged against the widow would have been approximately the same, but the theory might be more appealing.

The third decision was handed down by a Pennsylvania court just prior to the decision of the *Bixby* appeal. This case involved a testamentary trust, not a decedent's estate. However, the point at issue is closely related to this phase of our

discussion. In 1954 the trustees realized gross capital gains of $402,207, and received ordinary income of $395,733 together with tax-exempt income of $133,773. During the same year they paid deductible counsel fees in the amount of $154,336 out of the income account, and paid additional deductible counsel fees in the amount of $202,252 out of the principal account. The trustees deducted all the counsel fees on the fiduciary income tax return, leaving a net taxable income of $240,248.

The question presented was whether the federal income tax on this amount should have been charged to principal or to income as a matter of Pennsylvania law. (The Court noted that due to the 'arbitrary' provisions of the Revenue Code of 1954, the deduction was allocated entirely to the benefit of the income beneficiary, leaving the net capital gains taxable to the trust principal since they were neither distributable, nor distributed, to the income beneficiary.) The trustees distributed all of the ordinary income, and the tax exempt income as well, to the income beneficiary, reduced only by that portion of the counsel fees charged against the income account—a net distribution of about $375,000.

The Court held that inasmuch as the net capital gain of $201,103.50 was the only item of taxable income inuring to the benefit of the principal account, the $202,252 of deductible counsel fees charged against the principal account must have wiped this out. Therefore, the Court said that the principal of the trust should not have been compelled to absorb any of the income tax burden; and it ordered the income beneficiary to reimburse principal for the $100,551 of income tax paid by the trust, saying 'even so, the income beneficiary will profit substantially by the 1954 amendment to the federal law because the trust tax rate is much less than his personal rate' and, whereas the trust has paid about $100,000 on the income thus received, tax free, by the income beneficiary, it is indicated that Dr. Rice's tax would have been at least $170,000 had it been taxed to him directly.''

In Ohio, *McDougall* v. *Bank*, 157 Ohio St., 45, is also pertinent and interesting. Syllabi 1 and 2 of said case read as follows:

''Where assets outside of the probate estate are included in a decedent's taxable gross estate for estate tax purposes and

such inclusion increases the federal estate tax and where the decedent has expressed no intention by will or otherwise as to the ultimate impact of that tax, an equitable portion of the burden of the federal estate tax should be apportioned against such assets outside of the probate estate, in the absence of a state statute requiring a different result." (Syl. 1.)

"As to all assets included in a decedent's estate for tax purposes, whether probate or nonprobate assets, the liability of those who take such assets to discharge the estate tax represents a liability to discharge a common obligation. In the absence of any apparent intention of such decedent to the contrary, one who pays more than his share of that common obligation is entitled to contribution from those who have not paid their share." (Syl. 2.)

The last sentence of the second syllabus above is additional authority for the principle that the Ohio Supreme Court strictly construes tax clauses.

Where a testator provides for the impact of the taxes arising by virtue of his death and the Courts indicate an intention to strictly construe such provisions it does not seem reasonable to interpret the testamentary intent so as to conclude that the impact of the excess federal estate tax should be visited upon the residuary takers of the estate. Such a result does not appear to have been the "apparent intention of such decedent." If such intention is not apparent, the trend of the Court is to adjust the impact of the tax on an equitable basis (*McDougall case, supra*). The equitable powers of the Probate Court to order contribution and to make adjustments is clearly granted under Section 2101.24, Revised Code, which provides in part. "The probate court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute."

In connection with the problem presented herein the following statement of Judge Davies in the *Gatch case*, 38 Ohio Opinions, 285, is pertinent:

"And finally, while *it can be argued with considerable merit that the state should in no instance allow as a debt, before the determination of a state succession tax, a deduction of a federal estate tax paid upon proceeds of insurance, which proceeds*

*of insurance are not includable in the gross estate for state tax purposes*, it certainly is highly unreasonable to allow an executor or administrator to take credit as a debt for a federal inheritance tax paid upon proceeds of insurance which he can collect from the beneficiaries of that insurance." (Emphasis supplied.)

Following the reasoning and conclusions of the *Gatch* and *McDougall cases, supra*, and other authorities cited, your Referee is of the opinion that the tax clause (Item 1 of decedent's will) is to be strictly construed; that under the principles announced in the *McDougall case* the impact of the excess Federal estate tax should be apportioned against the income beneficiary, the residuary estate being entitled to contribution for the excess amount of Federal estate tax from "those who have not paid their share," that is the income beneficiary; that therefore the deductions allowable in determining the inheritance tax shall not include the excess Federal estate tax; and that the amount of the Federal estate tax allowable as a deduction shall be the amount of such tax computed by taking as a deduction for federal estate tax the amount of the administration expenses in question.

Your Referee therefore recommends that the Tax Commissioner's exceptions be overruled in part and sustained in part; that in determining the inheritance tax the full amount of the administration expenses in question be allowed as a deduction but that the amount allowed as a Federal estate tax deduction shall be the amount of such tax computed by taking as a deduction for Federal estate tax the amount of said administration expenses.