IN RE ESTATE OF BECKMAN : DEPARTMENT OF TAXATION OF OHIO, APPELLANT, *v.* BECKMAN, EXRX., ET AL., APPELLEES.

(No. 488—Decided March 28, 1951.)

*Mr. C. William O'Neill,* attorney general, and *Mr. John J. Burtch, Jr.,* for appellant.
*Miss Edna L. Theidick,* for appellee.

MIDDLETON, P. J. This is an appeal from a judgment of the Probate Court of Mercer County, on questions of law.

The questions involved are; first, the authority of the Probate Court, on application after term, to modify its determination of inheritance tax and to order a refund of a portion of taxes previously paid, where assets were, through a mistake of fact, erroneously listed in an application to determine inheritance tax, and, second, the authority of the Probate Court to modify its determination of inheritance tax and order a refund of a portion of the tax previously assessed and paid, where it is alleged to have been excessive by reason of the failure of the executrix to list, in the application for determination of the tax, alleged debts of the decedent owed to the executrix, and the executrix had not presented the claim to the Probate Court for allowance, and the time for presenting the claim had passed.

Mark Beckman died testate on the 3rd day of June, 1949, a resident of Mercer county, and his will was admitted to probate. Letters testamentary were issued on June 10, 1949, to Viola A. Beckman, executrix, and on August 4, 1949, the executrix filed with the Probate Court an application and itemized statements of assets and liabilities to be filed for the determination of inheritance tax.

The inheritance tax was determined by the court on the same day, and the tax, less discount, was paid on August 10, 1949, to the treasurer of Mercer county, in the sum of $1,868.04.

On January 17, 1950, the executrix filed her application for refund of inheritance tax, claiming a refund of tax paid in the sum of $623.25. On May 18, 1950, the Probate Court granted the application of the executrix in full.

From this allowance of refund, appeal on questions of law is taken to this court by the Department of Taxation of Ohio which submits the following assignments of error:

1. The Probate Court erred in ordering a refund of the portion of the inheritance tax assessed upon the succession to certain stock in various corporations and United States Government bonds, all of which are more particularly described in the application for refund of inheritance tax.

2. The Probate Court erred in ordering a refund of that portion of the inheritance tax alleged to have been erroneously assessed due to the failure of the executrix to list certain alleged debts of the decedent's estate in the application and itemized statement of assets and liabilities to be filed for determination of inheritance tax.

The executrix claims that as a result of such errors the value of the estate was shown to be $10,387.50 in excess of its true value, and that, by reason of such errors, inheritance tax was overassessed and paid in the sum of $623.25.

It is urged that the determination of the inheritance tax in the first instance is *res judicata*, for the reason that no exceptions were filed to the determination of the inheritance tax; that by the failure to file exceptions the applicant lost her right to object to the

determination of tax; and that such determination is now *res judicata*.

The jurisdiction of the Probate Court to hear and determine questions relating to inheritance tax is found in Section 8 of Article IV of the Constitution, and in Section 5340, General Code, passed pursuant to the above constitutional provision.

Section 8, Article IV of the Constitution, provides:

"The Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians, and such jurisdiction in habeas corpus, the issuing of marriage licenses, and for the sale of land by executors, administrators and guardians, and such other jurisdiction, in any county, or counties, as may be provided by law."

Section 5340, General Code, provides, in part:

"The Probate Court of any county of the state having jurisdiction to grant letters testamentary or of administration upon the estate of a decedent, on the succession to whose property a tax is levied by this subdivision of this chapter, or to appoint a trustee of such estate, or any part thereof, or to give ancillary letters thereon, shall have jurisdiction to hear and determine the questions arising under the provisions of this subdivision of this chapter, and to do any act in relation thereto authorized by law to be done by a Probate Court in other matters or proceedings coming within its jurisdiction * * *."

An examination of other statutes which confer power upon the Probate Court discloses Section 10501-53, the last paragraph of which section, which was enacted by the Legislature pursuant to the constitutional provision, provides as follows:

"The Probate Court shall have plenary power at law and in equity fully to dispose of any matter prop-

erly before the court, unless the power is expressly otherwise limited or denied by statute.''

The foregoing provisions of the Constitution and the Code vest in the Probate Court jurisdiction to hear and determine the matters at issue in this case, provided they are properly before the court.

In the case being considered, the executrix filed no exceptions to the original order determining the tax, and it is claimed that the Probate Court was without authority to entertain the application for refund of the tax paid.

Pursuant to the provisions of Section 5346, General Code, any person dissatisfied with the appraisement and determination of taxes may file exceptions thereto, in writing, with the Probate Court within sixty days from the entry of the order, stating the grounds upon which such exceptions are taken.

Upon the hearing on such exceptions the court may make such order as to it may seem just and proper in the premises.

Section 5347, General Code, provides that at the expiration of such sixty days if no exceptions be filed, or at any time within such period on the application of all parties, including the Tax Commissioner of Ohio, the probate judge shall make and certify to the county auditor a copy of the order provided for in Section 5345, General Code. If such exceptions are filed within such period, the probate judge shall, within five days after the entry of the final order, make and certify such copy of the original finding and determination, together with any modifications thereof ordered upon the hearing of such exceptions. The county auditor shall thereupon make a charge based upon such order and certify a duplicate thereof to the county treasurer who shall collect the taxes so charged.

The same procedure is followed by the probate

judge where no exceptions are filed as is followed after a hearing and ruling where exceptions are filed.

The original order made by the court on the appli-cation for determination of the inheritance tax is an interlocutory order and becomes a final order and judgment after the court rules on exceptions which may have been filed, or at the expiration of the sixty-day period where no exceptions are filed, and certifies a copy of the order to the county auditor as set forth in Section 5347, General Code.

The Probate Court had jurisdiction both of the parties and the subject matter of the action.

The executrix, by her failure to file exceptions to the interlocutory order determining the tax, did not lose her right to have the final order determining the tax modified for her mistake of fact in erroneously listing assets for taxation.

Holding, as we do, that such final order is a judg-ment, the next question presented is the power of the Probate Court to vacate or modify such judgment.

Section 10501-17, General Code, provides:

"The Probate Court shall have the same power as the Common Pleas Court to vacate its orders or judg-ments."

The Probate Court can, by virtue of the above section, vacate or modify its orders or judgments the same as the Common Pleas Court, and its jurisdiction in that respect is not limited, either by the Constitution or legislative enactment, to statu-tory grounds. Such jurisdiction includes equitable grounds as well. *Abicht, Exr., v. O'Donnell.* 52 Ohio App., 513, 3 N. E. (2d), 993.

Section 11631, General Code, sets forth when a Common Pleas Court may vacate or modify its orders or judgments after term.

It has been held, however, that the power granted

the Common Pleas Court to modify or vacate its orders or judgments on the grounds set forth in Section 11631, General Code, is not exclusive, but cumulative. *Northern Ohio Power & Light Co.* v. *Smith*, 126 Ohio St., 601, at 611, 186 N. E., 712.

Therefore, the power granted the Probate Court in Section 10501-17, General Code, is not limited to the grounds set forth by Section 11631, General Code, but is the same power as that granted to the Common Pleas Court, and is not exclusive, but cumulative.

It is the claim of the executrix, as set forth in her application for refund, that the overvaluation of the estate upon which the assessment of taxes was made was due to a mistake of fact.

The relief asked by the executrix can be granted by the Probate Court only in the exercise of its plenary equity power.

The question is then presented whether the Probate Court, in the exercise of its plenary equity power, under the facts and circumstances of this case, was warranted in setting aside its former order and ordering a refund of the overpaid tax, as set forth in the executrix's application.

It is generally held that courts, in the exercise of equitable powers, will vacate or modify their judgments rendered through a mistake of fact as readily as on grounds of fraud.

If the record in this case supports the claim of the executrix, the Probate Court properly vacated its prior judgment and granted a refund of the overpaid tax.

The courts have repeatedly held that equity will grant relief where to deny it would work an injustice.

The intent of the statute is that a tax shall be levied upon the succession to any property passing to any person from a decedent's estate. It is not the intent

to levy and collect such a tax upon property which was not a part of the estate of a deceased person and never came into the possession of the executor, and where such a tax has been paid upon such property it will be refunded.

There is no vested right to inheritance taxes which have been paid and distributed to the state or a subdivision thereof such as prevents a refund of payment in excess of those warranted by law. *State, ex rel. Ellsworth, Exr.*, v. *Mong, Aud.*, 130 Ohio St., 483, 200 N. E., 516.

The record in the instant case is very brief, but the Department of Taxation does not dispute the facts as claimed by the executrix.

From the record, it must be conceded that through a mistake of fact there was listed in the application for determination of the inheritance tax, fifty shares of common stock in the Mission Oil Company, valued at $1,937.50, which were in fact fifty shares of common stock in the Pension Oil Company, and of no value; also, that through a mistake of fact there was listed in the application for determination of inheritance tax, United States Government bonds, valued at $400, which were not a part of the estate.

However, other bonds of the value of $300 listed in the executrix's application for a refund, and included in the Probate Court's order granting a refund, were not included in the application for the determination of the inheritance tax, and no tax was assessed or paid on them. Therefore, the court's order granting a refund on these bonds was error.

The record supports the claim of the executrix that there was included in the application for determination of inheritance tax, certificate No. 1122, representing fifty shares of common stock in Foundation Investment Company, and that through a mistake of fact this

stock was listed as preferred stock valued at $3,500, when in fact it was common stock of the value of $150.

The executrix also claims that debts amounting to the sum of $4,400 were inadvertently omitted from the appraisement for determination of inheritance tax, and that such amount was owed to her by the deceased and represented loans she had made to the deceased.

Her claim was not included in the schedule of claims filed in the estate and was not presented to the court and allowed, as required by Section 10509-106, General Code.

The provisions of that section governing the manner of presentation and allowance of the claims of the executor against the estate which he represents are mandatory. *Trustees of Masonic Temple Assn. of Sidney* v. *Emmons, Exr.,* 49 Ohio App., 87, 195 N. E., 259.

This claim not having been presented to the court and allowed, as required by the Code, could not be allowed as a deductible debt against the estate in the determination of the inheritance tax.

Appellant's second assignment of error is well taken.

The record thus shows that the value of the estate, as reflected by the order determining the inheritance tax, was excessive in the sum of $5,687.50, and that the inheritance tax paid upon this amount was excessive in the sum of $455. Upon this sum, the executrix, at the time of the payment of the inheritance tax, was allowed a deduction of nine per cent, or a sum of $40.95, leaving an excessive payment of taxes in the sum of $414.05.

The executrix is therefore entitled to a refund in the amount of $414.05, without interest, fifty per cent of the amount from the state of Ohio and fifty per cent

from the village of Celina and Liberty township, Van Wert county, Ohio.

Section 22 of Article II of the Ohio Constitution provides:

"No money shall be drawn from the treasury except in pursuance of a specific appropriation, made by law; and no appropriation shall be made for a longer period than two years."

By the provisions of this constitutional prohibition the Probate Court was without authority to order the state of Ohio to refund the overpayment of inheritance tax, in the absence of specific appropriation therefor by the Legislature.

The Probate Court did have authority to vacate its original determination of the inheritance tax and correct the same, and to determine the amount the estate was overvalued, and the amount of inheritance tax overassessed, and the court had authority to order the village of Celina, and Liberty township, Van Wert county, Ohio, to refund to the executrix the amount of the excessive payment distributed to the above subdivisions.

Therefore, the order and judgment of the Probate Court is modified in the particulars herein set out and, as modified, is affirmed at costs of appellee.

*Judgment accordingly.*

JACKSON and GUERNSEY, JJ., concur.