HAMM, Estate of, In Re: BOWERS, Tax Commr., Appellant, v. VETTER, Exr., Appellee.

Ohio Appeals, Fourth District, Scioto County.

No. 690.   Decided March 4, 1960.

*Messrs. Bannon, Howland & McCurdy* and *Mr. Robert K. McCurdy*, for appellee.

*Mr. Mark McElroy*, attorney general, and *Mr. Joseph L. White*, assistant attorney general, for appellant.

For further history see *Omnibus Index* in bound volume.

GILLEN, P. J. The record in this case discloses that Grace A. Hamm, 75 years of age, died testate December 7, 1958. The cause of her death was carcinoma of the stomach and fractures of the left arm and right leg sustained in a fall at her home November 21, 1958. She had been in poor health for some time suffering from cancer. Following the death of her husband, in 1934, she lived in the home with James Thomas Dawson, his wife and their daughter, Jo Ann Dawson. James Thomas Dawson, a second cousin and Jo Ann Dawson, a third cousin, were her nearest relatives. Her husband left her an estate valued at $60,000.00 which had dwindled to an appraised value of $26,500.00 at the time of her death. The two principal beneficiaries named in her Will, dated April 4, 1953, were James Thomas Dawson and Jo Ann Dawson.

During the year 1958, she made a gift of $3,000.00 to James Thomas Dawson and another gift of $2,000.00 to Jo Ann Dawson. In ruling upon the application for determination of inheritance tax the Probate Court determined that the two gifts above mentioned were not made in contemplation of death and, therefore, not subject to the payment of inheritance tax. In due season exceptions to the Court's determination were taken by the Department of Taxation pursuant to Section 5731.38, Re-

vised Code, which exceptions were heard June 10, 1959. At this hearing the only witness who testified was Louis J. Vetter, Executor of the Estate of Grace A. Hamm, deceased. The Probate Court entered a final order overruling the exceptions of the Tax Commissioner. From this judgment an appeal on questions of law has been perfected.

Section 5731.02, Revised Code, in part, provides:

"A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution, or corporation, in the following cases:

"* * *     * * *     * * *

"(C) When the succession is to property from a resident, or to property within this state from a nonresident, by deed, grant, sale, assignment, or gift, made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property:

"(1) In contemplation of the death of grantor, vendor, assignor, or donor:

"* * *     * * *     * * *"

Section 5731.04, Revised Code, provides:

"Any transfer of property from a resident or from a nonresident of property within this state, if made without valuable consideration substantially equivalent in money or money's worth to the full value of such property, if so made within two years prior to the death of the transferror, is deemed made in contemplation of death within the meaning of Sections 5731.01 to 5731.56, inclusive, Revised Code, unless the contrary is shown."

It has been urged, in the instant case, that the preliminary determination, by the Probate Court, that the two gifts in question were not made in contemplation of death and, therefore, not subject to payment of inheritance tax was sufficient to overcome the statutory presumption set forth in Section 5731.04, Revised Code, supra, and that the burden to prove otherwise rested upon the Tax Commissioner. Section 5731.32, Revised Code, provides, in part, as follows:

"From the report of appraisal and other evidence relating to any such estate before the probate court, such court shall forthwith, upon the filing of such report, by order entered upon the journal, determine the actual market value of all estates,

the amount of taxes to which the successions are liable, the successors and legal representatives liable therefor, and the townships or municipal corporations in which the same originated. If no application for appraisal is made, the court may make and enter such findings and determinations without such appraisal. Thereupon the judge of such court shall immediately give notice of such order to all persons known to be interested therein, and immediately forward a copy to the tax commissioner, together with copies of all orders entered by him affecting in any way the taxes on such estate, including orders of exemption. * * *."

Section 5731.38, Revised Code, provides:

"The tax commissioner, or any person dissatisfied with the appraisal and determination of taxes, may file exceptions in writing with the probate court within sixty days from the entry of the order, stating grounds upon which such exceptions are taken. The court shall by order fix a time, not less than ten days thereafter, for the hearing of such exceptions, and shall give such notice thereof as it deems necessary; provided that a copy of such notice and of such exceptions shall be forthwith mailed to the commissioner and the county auditor. Upon the hearing of such exceptions, said court may make a just and proper order. No costs shall be allowed by the court on such exceptions."

The preliminary ruling of the Probate Court on the application for determination of inheritance tax was in the nature of an interlocutory order. The first opportunity afforded the Tax Commissioner to have a judicial determination of the issue was when exceptions were filed to the temporary order and a hearing had thereon. Prior to the filing of such exceptions and the serving of notice upon the interested parties, there is no requirement that the proceedings should take on the characteristics of an adversary proceeding. It is said in *In Re Estate of Beckman*, 91 Ohio App., 42, that:

"2. The interlocutory order of a Probate Court determining inheritance taxes becomes a final order and judgment after the court rules upon exceptions which may have been filed, or at the expiration of the sixty-day period specified in Section 5346, General Code, and certifies a copy of the order to the county auditor as provided for in Section 5347, General Code."

In the case at bar the hearing on the exceptions filed by the Tax Commissioner was in the nature of a de novo proceeding. The sole issue presented for determination was whether the two gifts in question were made in contemplation of death. The two gifts having been made without valuable consideration substantially equivalent in money or money's worth to the full value of such property are deemed to have been made in contemplation of death by the provisions of Section 5731.04, Revised Code, supra. The burden of removing this presumption by a preponderance of the evidence rested upon those persons claiming that such gifts were not made in contemplation of death. Louis J. Vetter, President of The Citizens Savings and Loan Association Company, and Executor of the Estate of Grace A. Hamm, deceased, was the only witness called to testify on the subject. Mrs. Hamm's husband, prior to his death, had been associated in business with Mr. Vetter. Mrs. Hamm kept her money on deposit with The Citizens Savings and Loan Association Company and from time to time would withdraw money by signing an order for some personal representative to take to the loan company for that purpose. She never visited the loan company, personally, after the death of her husband and Mr. Vetter saw her only on one occasion in the interim. He prepared tax papers for her with information she would send him. He had no knowledge of the two gifts in question. He knew, of course, that Mrs. Hamm lived with the Dawsons and that she probably gave them some financial assistance thru the years. The only time he talked with Mrs. Hamm, which was in the fall of 1958, she told him that she was in poor health. It is significant to note that the two persons interested in the outcome of this case, viz., James Thomas Dawson and Jo Ann Dawson, did not testify. They were in a position to explain fully the circumstances of the two gifts. It is said in the case of *In Re Estate of Walker* v. *Department of Taxation of Ohio,* 161 Ohio St., 564, that:

"Under Section 5332-2, General Code (Section 5731.04, Revised Code), where, within two years prior to the death of the transferror, a transfer of property from a resident of this state or property within this state from a nonresident is made without a valuable consideration substantially equivalent in

money or money's worth to the full value of such property, the burden of proof to show by a preponderance of the evidence that the transfer was not made in contemplation of death is upon the one making such claim.''

Applying the foregoing pronouncement of law to the case at bar, we must conclude that the evidence adduced was wholly insufficient to remove the statutory presumption that the two gifts were made in contemplation of death. The judgment of the court below is, therefore, reversed and remanded for correction.

Judgment reversed.

RADCLIFF and COLLIER, JJ., concur.