IN RE ESTATE OF KANGESSER.

[Cite as In re Estate of Kangesser, 14 Ohio App. 2d 95.]

(No. 28734—Decided May 9, 1968.)

*Mr. John Kennedy Lynch* and *Mr. Frank V. Moran, Jr.,* for appellant, Ernest L. Zeve, administrator.
*Mr. William B. Saxbe,* attorney general, *Mr. Edgar L. Lindley* and *Mr. Harold S. Van Schaack,* for appellee, Gail Porterfield, Tax Commissioner.

ARTL, J. This is an appeal on questions of law by Ernest L. Zeve, administrator with will annexed, *de bonis non,* from an order of the Probate Court of this county denying the application of appellant predecessor for redetermination and refund of Ohio inheritance tax and interest previously paid.

M. Sylvia Kangesser, a resident of Cleveland Heights, Ohio, on May 3, 1957, died testate naming Robert H. Kangesser as executor of her last will and testament. Decedent's will was filed in Cuyahoga County Probate Court and duly admitted to probate on July 22, 1957. Letters testamentary were issued to Robert H. Kangesser on that date.

The executor, on August 13, 1958, filed in that court an application with itemized statement for determination

of inheritance tax listing total property subject to tax of $774,925.79. Schedule C of the application set forth the successors as follows:

"Harry A. Kangesser and Robert E. Kangesser, Trustees, 2921 Prospect Avenue, Cleveland, Ohio—entire estate. All of the net assets of the estate were devised and bequeathed to the above named trustees with the direction that they should distribute the same to such charitable, educational and religious institutions and purposes as they should select and choose."

On December 31, 1958, an approved journal entry determining inheritance tax was filed in Probate Court finding the successors to be "Trustees for distribution," the value of the succession and the balance subject to tax to be $774,926, and the amount of tax to be $74,242.60. The tax as determined plus interest in the amount of $6,020.77 was paid by the executor on May 8, 1959, to the Treasurer of Cuyahoga County. (No appeal was taken from such decision.)

It is worthy of note that the executor filed a federal estate tax return (Form 706) with the District Director of Internal Revenue, Cleveland, Ohio. He claimed a charitable deduction in the amount of $766,239.79 for the purported devise in trust to "Harry A. Kangesser and Robert E. Kangesser, Trustees" under item 2 of decedent's will. No estate tax was payable under the return as filed. By letter dated June 16, 1961, the District Director disallowed the deduction and proposed an assessment of estate tax in the amount of $264,084.65 plus interest of $52,408.14. The executor contested the proposed assessment and, on February 18, 1964, the District Director conceded that the deduction claim was for charitable, public and similar purposes and deductible from the gross estate, allowed the deduction and abated the proposed assessment.

Thereafter, on July 7, 1959, Victor Zeve, child and next of kin of Sophia Zeve, deceased sister of decedent, filed a petition for declaratory judgment in Probate Court (case No. 575097) naming as defendants the trustees under decedent's will, the heirs at law and next of kin of decedent

and Sophia Zeve, deceased, her administratrix, the Attorney General and the unknown heirs at law, next of kin, devisees and legatees, their executors, administrators, custodians and assigns, of M. Sylvia Kangesser, deceased. Plaintiff in that action alleged he was uncertain as to the validity and enforceability of item 2 of decedent's will, and that in the event the court found such provision invalid and unenforceable he would have an interest in decedent's estate and prayed for an order construing item 2 of decedent's will declaring, determining and adjudging the rights of plaintiff and defendants, and that item 2 be declared, determined and adjudged invalid and unenforceable and for such other and further relief in law and equity as shall be just and proper.

On April 29, 1963, an approved journal entry in case No. 575097 was filed in Probate Court, which as far as material here provides:

"That the trust created by item II of said last will and testament and the Foundation referred to in item II of said last will and testament both have reference to 'The Robert E., Harry A. and M. Sylvia Kangesser Foundation,' a corporation duly organized and existing under the laws of the state of Ohio; that the provisions of said item II and item III of said last will and testament are valid and enforceable, and that said Foundation is the sole beneficiary of said last will and testament and is entitled to have turned over to it all the rest, residue and remainder of the estate, real, personal and mixed, given, devised and bequeathed by item II of said last will and testament."

Thereafter, C. L. Kangesser was duly appointed administrator with will annexed, *de bonis non*, of the estate of M. Sylvia Kangesser, and, on April 9, 1964, he filed in Probate Court an application for redetermination and refund of inheritance taxes. The basis of the application was the error in fact in reporting the devise under item 2 of decedent's will to "Harry A. Kangesser and Robert E. Kangesser, Trustees" rather than to "The Robert E., Harry A. and M. Sylvia Kangesser Foundation," "a cor-

poration duly organized under and existing under the laws of the state of Ohio" as determined by the court in the declaratory judgment action, *Victor Zeve* v. *Robert E. Kangesser et al.*, case No. 575079. Subsequently, Ernest L. Zeve was appointed administrator with will annexed, *de bonis non*, of such estate and is presently acting in such capacity.

The last will of M. Sylvia Kangesser provided that all assets, which were inventoried at $803,701.80, were to be disposed of as follows, after payment of debts and expenses of administration:

"Item II. I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed, and whatsoever kind or nature, which I shall own and/or have an interest in at the time of my death, to my brothers, HARRY A. KANGESSER AND ROBERT E. KANGESSER, of Cleveland Heights, Ohio, whom I designate and appoint as TRUSTEES for the purposes set forth below, in trust, nevertheless, for the following charitable, educational and religious purposes: They shall distribute and contribute from my said trust estate and the income thereof such amount or amounts as in their exclusive, and uncontrolled discretion and judgment they shall deem fair and reasonable, and to such charitable, educational and religious institutions and purposes as in their exclusive and uncontrolled discretion they shall select or choose. It is my intention that my said TRUSTEES shall have the absolute right to make distribution of the above trust estate and the income thereof, in such amounts and to such charitable, educational and religious institutions and purposes as they deem proper.

"Item III. It is my desire and I so direct that the above trust estate shall be known and designated as THE KANGESSER FOUNDATION, (HARRY A., ROBERT E., AND M. SYLVIA KANGESSER), and that all contributions therefrom shall be made in the name of THE KANGESSER FOUNDATION, (HARRY A., ROBERT E., AND M. SYLVIA KANGESSER)."

The Robert E., Harry A., and M. Sylvia Kangesser

Foundation is a nonprofit corporation organized under the laws of the state of Ohio on October 28, 1947, prior to the time decedent executed her will.

The application was referred to a general referee and the case submitted to him by the parties on an agreed stipulation of facts.

On March 29, 1965, the general referee filed his decision holding that (1) the previous determination of inheritance taxes entered herein by the Probate Court, Cuyahoga County, should be vacated, (2) that the succession to the Kangesser Foundation should be found not subject to inheritance tax, and (3) that the tax should be redetermined and that appropriate refund be made according to law. The decision was based upon findings that the determination of tax by Probate Court was based upon a mistake of fact for which relief is afforded, that the Trustees of the Kangesser Foundation had never received notice of the determination and hence the time within which to file exception to the determination of tax did not run against the foundation trustees, and that the successor to the foundation was exempt under the provision of Section 5731.09 of the Revised Code since it met the statutory requirements, it being, in the language of the referee, "an institution of public charity, carried on, in a substanial part, within Ohio."

Subsequently, the Attorney General, on behalf of the Tax Commissioner, filed a motion for rehearing which was overruled by the general referee. On May 6, 1965, the Tax Commissioner filed exception under Rule 31-C to the referee's decision overruling motion for rehearing. The matter was submitted to the court on briefs.

Thereafter, on May 26, 1967, the court filed its opinion reversing the decision of the general referee and denying the application for redetermination and refund of Ohio inheritance tax. The decision of the court was based upon a finding that "there was no error of fact in the original application for determination of the tax" and that the "judgment of the court was final upon the payment of the tax and interest and cannot be reopened."

On July 17, 1967, the Judge of the Probate Court approved and filed his journal entry of reversal, the pertinent parts thereof being as follows:

"The court finds that the tax on the successions passing under Items 2 and 3 of the Will of Sylvia Kangesser, deceased, was found to be $74,242.60 by journal entry of this court December 31, 1958. No appeal was taken to said determination. The tax of $74,242.60 plus interest of $6,020.77 was paid May 8, 1959;

"The application for redetermination and refund was filed April 10, 1964;

"The court having carefully examined the evidence, exhibits, all of the papers duly filed in the case and the court's own files and docket, the briefs of counsel, and having given the matter due consideration and being fully advised in the premises, finds that the order determining tax was a final order; that there was no contingency involving any future occurrence which could possibly affect the right of the Kangesser Foundation to receive the bequest; that there was no error of fact in the original application for determination of the tax herein; and that the decision of the referee in these proceedings should be reversed;

"It is therefore ordered, adjudged and decreed that said application for redetermination and refund is hereby denied and the matter dismissed in its entirety, costs to the state of Ohio.

"To all of which administrator with will annexed, *de bonis non* excepts."

Appellant thereafter, on August 2, 1967, filed a notice of appeal.

The sole assignment of error urged by appellant reads as follows:

"The Probate Court, Cuyahoga County, erred in finding upon the evidence that there was no error of fact on the original application for determination of inheritance tax and that the judgment of the Probate Court determining inheritance tax was final upon payment of the tax and interest and cannot be reopened."

The appellant's assignment of error takes issue with the conclusion reached by the Probate Court Judge:

1. "that there was no error in fact on the original application for determination of inheritance tax,"

2. "and that the judgment of the Probate Court determining inheritance tax was final upon payment of the tax and interest and cannot be reopened."

Appellant relies heavily upon a part of Section 5731.20, Revised Code, and the case of *In re Estate of Biris*, decided by the Ohio Supreme Court in 1961 and reported in 172 Ohio St. 38, particularly paragraph two of the syllabus, wherein the court, referring to Section 5731.20, Revised Code, held as follows:

"Under the provisions of Section 5731.20, Revised Code, an order of refund of inheritance taxes already paid under a previous order determining the same may be entered by the Probate Court not only when debts are proved against the general estate or a similar tax has been assessed in a foreign state or country on the same succession, following such previous determination, but also when the previous order fixing the tax is modified or reversed 'in a manner provided by law.'"

It is apparent from a study of the facts in *Biris* and from the ruling of the court that the allowance of the redetermination and refund of the tax, notwithstanding the tax had been paid and no exceptions taken, was "due to a mistake of fact."

The facts stated in *Biris, supra,* are as follows: "On April 9, 1959, appellee, as executor of the estate of John Biris, * * * filed an application in the Probate Court of Cuyahoga County to determine inheritance taxes payable on the successions to the estate. On April 22, 1959, such taxes were determined and on May 1, 1959, the taxes as determined were paid by the executor."

Previously, on July 24, 1958, a petition was filed to vacate the court's order admitting the will to probate. Under date of May 5, 1959 (13 days after determining the inheritance tax), the court denied such petition and found in its journal entry as follows:

"Although Charles V. Tereck was given a bequest of $10,000 outright by the terms of the last will and testament of John Biris, the said Charles V. Tereck in open court under oath stated that same was given to him by the decedent, John Biris, in trust to the use and for the benefit of Simion Biris and Rozalia Groza, children of John Biris, presently residing in Romania * * *."

Schedule C of the application for determination of the tax filed April 9, 1959, set forth the following:

| "Name | Relationship | Place of Residence | Interest of Successor |
|-------|-------------|--------------------|------------------------|
| Charles V. Tereck trustee for Simion Biris and Rozalia Groza, children of decedent | Son—adult Daughter—adult | 11111 Clifton Blvd., Cleveland, Ohio | $10,000" |

Also submitted with the application was a copy of the last will of the decedent which showed item 3 as follows:

"I hereby give, to my long time friend and associate Charles V. Tereck the sum of ten thousand ($10,000) dollars to be his absolutely."

In the court's determination of tax entered April 22, 1959, no exemption was allowed and consequently the tax was computed at the rate of 7%. On August 20, 1959, the executor filed an application for redetermination and refund of inheritance taxes.

On February 10, 1960, the Probate Court entered its finding which, in substance, among other things, recognizes that the original determination of the tax was "due to a mistake of fact" and finds the successions to be as required by statute.

On the basis of such finding, the Probate Court found due to the estate the sum of $691.28. On the strength of the decision of *In re Estate of Beckman*, 91 Ohio App. 42, the court found that the county auditor could refund one-half of the assessment, to wit, $345.64. On appeal to this court, this court modified the judgment of the Probate

Court so as to order a refund of the entire amount, "and that the amount of the tax paid into the state treasury should be refunded out of inheritance tax funds in the hands of the county auditor or treasurer presently awaiting distribution to the state"; and, as modified, affirmed the judgment of the Probate Court. The judgment, being in conflict with the judgment in *In re Estate of Beckman*, 91 Ohio App. 42, this court ordered the record certified to the Ohio Supreme Court.

The issue presented to the Ohio Supreme Court in *Biris* was, in the language of the Tax Commissioner: Does the Probate Court have authority to order a refund of inheritance taxes paid under a mistake of fact which taxes have been paid into the State Treasury to the credit of the General Revenue Fund?

The language of the Probate Court, in its opinion filed in this case on May 26, 1967, upon which is predicated its journal entry of July 17, 1967, is illuminating and significant. It relates to the contention of the fiduciary that the judgment in the civil proceedings corrected an error of fact contained in the proceedings to determine inheritance tax. Said the court:

"A cursory reading of item 2 of the will together with the decision in the civil proceedings can only bring the conclusion that the language was clear and unambiguous. In substance, the civil proceedings only confirmed what should have been a clear interpretation of the language in the will: a trust with named trustees having wide and uncontrolled discretion. Any doubt that could possibly remain as to the intent of the testator would be dispelled by item 3 of the will, which reads as follows:

" '*Item 3.* It is my desire and I so direct that the above trust estate shall be known and designated as The Kangesser Foundation, (Harry A., Robert E., and M. Sylvia Kangesser), and that all contributions therefrom shall be made in the name of The Kangesser Foundation, (Harry A., Robert E., and M. Sylvia Kangesser).' "

Taking into consideration the foregoing language, plus the language of the court in its journal entry of July 17,

1967, that "there was no contingency involving any future occurrence which could possibly affect the right of the Kangesser Foundation to receive the bequest * * *," one wonders how it came about that the court, in passing upon the original application for the determination of the inheritance tax, was content to make and approve such determination in the form it did with the names of the trustees as the beneficiaries of the trust "as trustees for distribution," when, as a matter of fact, as the court now points out that the Kangesser Foundation is entitled to receive the bequest. Clearly the court had before it the application in its mistaken form and the will with items 2 and 3. We just cannot avoid the conclusion that this came about due to error jointly by the trustees as well as the court. In our opinion this was an error in denominating the trustees as successors instead of the foundation and a further error on the part of the court in overlooking it. It was an error of fact.

This brings us to a consideration of the branch of the assignment of error wherein the court held that the matter constituted a final order upon the payment of the tax and interest and cannot be reopened.

If that statement was properly predicated upon a factual situation that did not contain an error of fact, we are content that no one could quarrel with the court's conclusion. But, from what has been said above, we believe that the original determination was tainted by an error of fact. That being true, the language of the Supreme Court in *Biris*, both in its decision and the opinion supporting it, clearly recognizes that such error is to be corrected, as long as it is done in a manner provided by law.

Speaking of the broad powers and duties of the Probate Court and considering the various statutes dealing with the subject of inheritance taxes, the Supreme Court, at page 49 in *Biris, supra*, stated:

"Taking the language of Section 5731.20, Revised Code, in its entirety, together with the other sections referred to above, fixing the powers and duties of the Probate Court not only generally but also specifically in in-

heritance tax matters, the court is of the opinion that to hold that applications to modify a previous order of determination of the inheritance tax may be filed and considered only when (1) subsequent debts of the general estate are claimed or (2) similar taxes have been assessed in a foreign state or country on successions taxed in this state, would limit the overall intent and purpose of the inheritance tax law too narrowly for fair and equitable administration."

The court further said, at page 50 in the opinion:

"While we find no decision by this court squarely on point of how narrowly applications for modification and refund are to be limited, we do find that lower courts have allowed and ordered refunds under circumstances additional to the two specified just above [referring to Sections 5731.28 and 5731.29, Revised Code]."

After reviewing the factual situations presented in the *Beckman case, supra*; *In re Estate of Vanderlip*, 39 Ohio Law Abs. 314; *In re Estate of Wampler*, 60 Ohio Law Abs. 593; *In re Estate of Schick*, 57 Ohio Law Abs. 139; the court concluded:

"Although we find no other reported cases involving this point, it is apparently well accepted that the court has the equitable power to correct mistakes made in the determination of inheritance taxes, and we conclude that where the court, in doing so, modifies or reverses a previous determination of inheritance tax, it is proceeding in a manner provided by law."

The court put its approval upon the action of the trial court in *Biris, supra*, by saying, "A majority of this court feel that this finding and order is well within the plenary power of that court."

Having concluded that there was an error of fact in the original determination of the tax and that such previous determination predicated upon such error of fact is not a final order, we approach the next problem related to the matter. What refund, if any, is the appellant entitled to in view of our conclusion?

The appellant's position, simply stated, is that, if it be found that there was an error of fact in the prior deter-

mination and that the order of the Probate Court was not a final order, this court must reverse and remand the matter to the Probate Court with an order to refund the tax erroneously determined and paid in the sum of $80,263.37. Such position is easy to understand since the general referee, by whom the matter was heard, found that the Kangesser Foundation was tax exempt and therefore would be free from payment of any inheritance tax.

The contention of the Tax Commissioner is quite the opposite. He suggests and urges that this litigation was and still should be considered to exist in two parts: the first dealing with the primary question ruled on by the trial court that there was no error of fact. In the ruling the court indicated that "all other questions are of no avail." The other aspect deals with the second question: assuming that there was error of fact in the previous determination and that the foundation is the successor, the question then arises and is a valid one—is the foundation tax exempt?

The general referee ruled that it was. The court, however, reversed the ruling of the general referee and entered its judgment, as above indicated, without any specific ruling as to the tax exempt issue, notwithstanding the Tax Commissioner took exceptions to both aspects of the referee's ruling.

The referee, to whom the matter was referred, proceeded to hear and determine the matter on two issues: (1) was there a mistake of fact; and (2), if so, was the Kangesser Foundation tax exempt? The referee's opinion was in the affirmative as to both issues. The Probate Court reversed the opinion of the referee and held there was (1) no error of fact, and (2) all other questions are of no avail.

We must, therefore, conclude that the judgment of the court dealt with the first issue—mistake of fact—and did not rule upon the question or issue as to whether the foundation was tax exempt. The appellant in his reply brief, under the subtitle "Argument," concedes that the issue of "tax exempt" was not considered by the Probate Court and is not properly before this court.

In view of the appellant's argument in the light of his assignment of error, that the court was in error in holding that there was no error of fact urging a reversal thereof and a remand to the Probate Court to order the refund of the tax previously determined, such argument cannot be entertained unless it is considered that the referee's opinion is binding notwithstanding the court's reversal of the referee's opinion.

The appeal brought herein is from the judgment of the Probate Court and not from the opinion of the referee. It being a matter of record that the judgment of the Probate Court reversed the opinion of the referee and failed to enter any judgment on the question of whether the foundation was tax exempt or not, we conclude, and therefore hold, that upon reversal the cause must be remanded to the Probate Court for determination of that issue.

The judgment of the Probate Court is reversed and the cause remanded to the Probate Court with instructions to determine and rule upon the issue as to whether the successor, Kangesser Foundation, is tax exempt, and for further proceedings according to law.

*Judgment reversed.*

CORRIGAN, C. J., concurs.

SILBERT, J., not participating.